203 N.J. Super. 513 (1985)
497 A.2d 550
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
VERNARD G. WILLIAMS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued August 13, 1985.
Decided August 19, 1985.
*515 Before SIMPSON and GAYNOR, JJ.
Hilary Brunell, Assistant Prosecutor, argued the cause for appellant (George L. Schneider, Essex County Prosecutor; Josephine R. Potuto, Assistant Prosecutor, of counsel and on the brief).
Jacqueline E. Turner, Assistant Deputy Public Defender, argued the cause for respondent (Thomas S. Smith, Acting Public Defender, attorney; Jacqueline E. Turner, of counsel and on the letter-brief).
The opinion of the Court was delivered by SIMPSON, P.J.A.D.
The State appeals from a June 13, 1984 trial court order precluding resentencing of defendant following the State's prior *516 appeal, pursuant to N.J.S.A. 2C:44-1f.(2), of the original sentence. Tried to a jury on an indictment charging first degree aggravated sexual assault (N.J.S.A. 2C:14-2) and third degree criminal restraint (N.J.S.A. 2C:13-2), defendant was convicted on January 27, 1983 of the lesser included offense of second degree sexual assault and acquitted of criminal restraint. On August 9, 1981, when defendant was 26 years old, he sexually abused a 9 year old girl by licking her vagina. The presentence report indicated that it was defendant's first arrest as an adult or juvenile, that he continues to maintain his innocence, and that the hospital report indicated no bleeding or laceration of the vaginal area and no other sexual abuse. After noting that defendant did not fall "under purview of [the] New Jersey Sex Offender Act," the trial judge on May 4, 1983 sentenced him to 5 years probation on condition he serve 364 days at the Essex County Jail Annex.
Defendant was immediately taken into custody and began serving his jail time on May 4, 1983. On May 11, 1983, the judge signed an ex parte order that provided:
ORDERED that the judgment of conviction and the sentence imposed therein be stayed pending that State's appeal of the probationary sentence. If the defendant desires, he may elect to commence the service of his probationary term while the matter is on appeal; however, such election shall constitute a waiver of his right to challenge any sentence increase on grounds that execution has commenced.
On May 12, 1983, the State filed its notice of appeal and defense counsel wrote to the Public Defender requesting that office to "take over" because defendant could not afford to appeal his conviction or defend against the State's appeal of the sentence. No one advised defendant concerning his right (1) to release pending the State's appeal or (2) to elect to execute the sentence with waiver of claim of jeopardy pursuant to R. 2:9-3(d) and the ex parte order of May 11, 1983. Defendant was released from jail on November 23, 1983. On December 7, 1983, the Appellate Division denied a motion to dismiss the State's appeal of the original sentence and on February 15, 1984, in an unreported opinion, it vacated the sentence and remanded "for resentencing giving consideration to" State v. *517 Roth, 95 N.J. 334 (1984), and State v. Hodge, 95 N.J. 369 (1984), which were decided February 7, 1984 (9 months after defendant's sentence). On May 22, 1984, the New Jersey Supreme Court took the following action on defendant's petition for certification:
Certification is granted, and the judgment of the Appellate Division is summarily modified to permit defendant to present appropriate defenses, including that of double jeopardy, at the resentencing hearing directed by the Appellate Division (see, for example, State v. Farr, 183 N.J. Super. 463 (App. Div. 1982)); and it is further
ORDERED that, as a part of its consideration of this matter, the trial court shall determine what notice, if any, was given to defendant or his attorney regarding the State's intention to appeal and whether such notice complied with the requirements of R. 2:9-3(d).
Jurisdiction is not retained. [97 N.J. 617 (1984)].
The trial court order of June 13, 1984 followed a prompt hearing on June 4, 1984, with the judge determining that defendant was not given proper notice pursuant to "R. 3:9-3(d)" [obviously a typographical error and the intended reference being R. 2:9-3(d)] and "since double jeopardy has been established, the State may not seek resentencing...." We agree with both of these rulings.
The State's right to appeal certain sentences pursuant to N.J.S.A. 2C:44-1f.(2) has been upheld against state and federal "double jeopardy" constitutionality challenges. State v. Roth, supra, 95 N.J. at 343-345. Jeopardy, however, attaches once execution of a sentence commences, State v. Ryan, 86 N.J. 1, 10 (1981), cert. denied 454 U.S. 880, 102 S.Ct. 363, 70 L.Ed.2d 190 (1981); and is coupled with an expectation of finality in the sentence, State v. Rodriguez, 97 N.J. 263, 270 (1984). R. 2:9-3(d) requires that execution of a sentence "shall be stayed" pending an appeal of that sentence by the State, and N.J.S.A. 2C:44-1f(2) provides that an appealable sentence "shall not become final for 10 days" to permit such appeal. A defendant can be charged with notice of this statute and thus has no expectation of finality of his sentence until the 10 day period ends. State v. Giorgianni, 189 N.J. Super. 220, 227 (App.Div. 1983), certif. den. 94 N.J. 569 (1983). Here, however, the 10 *518 days expired and neither the court, the prosecutor nor the public defender advised defendant of the stay of sentence and his available election under R. 2:9-3(d). Under these circumstances, defendant cannot be said to have waived his right to challenge any increase in sentence on grounds that execution has commenced.
Moreover, the record in this case is barren of any evidence of actual waiver in the normal sense of connoting a voluntary, knowing relinquishment of the double jeopardy right. United States v. Broce, 753 F.2d 811, 817-818 (10th Cir.1985). Nor should the apparent failure of both trial and appellate public defenders to advise defendant of his right of election under R. 2:9-3(d) constitute an implied waiver of his constitutional double jeopardy rights. Johnson v. State, 460 So.2d 954, 958 (Fla.App. 1984). In our view, where sentence is imposed pursuant to N.J.S.A. 2C:44-1f.(2) and R. 3:21-4(g), the court should advise defendant of the election and waiver provision of R. 2:9-3(d) at the same time defendant is advised of his right to appeal as required by R. 3:21-4(f). Thus, notions of fundamental fairness will be served and constitutional concerns about due process and cruel and unusual punishment avoided.
Affirmed.