268 N.J. Super. 48 (1993)
632 A.2d 850
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
KRISTINA MIRAKAJ, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 19, 1993.
Decided November 4, 1993.
*49 Before Judges MICHELS and SKILLMAN.
Toni Ann Russo, argued the cause for appellant.
*50 Lisa Sarnoff Gochman, Deputy Attorney General, argued the cause for respondent (Fred DeVesa, Acting Attorney General, attorney; Ms. Gochman, of counsel and on the brief).
The opinion of the court was delivered by SKILLMAN, J.A.D.
Defendant was indicted for purposeful or knowing murder, in violation of N.J.S.A. 2C:11-3a(1), (2); possession of a weapon, a handgun, for the purpose of using it unlawfully against the person of another, in violation of N.J.S.A. 2C:39-4a; and possession of a handgun without a permit, in violation of N.J.S.A. 2C:39-5b. Pursuant to a plea bargain under which the State agreed to recommend that defendant be sentenced to a term of no more than fifteen years imprisonment, with five years of parole ineligibility, and to dismiss the weapons charges, defendant pled guilty to aggravated manslaughter, a lesser included offense of purposeful or knowing murder.
Defendant argues that the trial court abused its discretion in refusing to sentence her to a term within the range for a second degree offense. Such a disposition is authorized by N.J.S.A. 2C:44-1f(2), which provides in pertinent part:
In cases of convictions for crimes of the first or second degree where the court is clearly convinced that the mitigating factors substantially outweigh the aggravating factors and where the interest of justice demands, the court may sentence the defendant to a term appropriate to a crime of one degree lower than that of the crime for which he was convicted.
We find no abuse of discretion in the trial court's refusal to sentence defendant under N.J.S.A. 2C:44-1f(2). Although the record could support a finding that the mitigating sentencing factors substantially outweigh the aggravating, it does not require a finding that the "interest of justice" demands that defendant be sentenced as a second degree offender. The Legislature has established a thirty year maximum and twenty year presumptive term for aggravated manslaughter, rather than the twenty year maximum and fifteen year presumptive term applicable to other first degree offenses, which reflects a legislative judgment that *51 this is an especially serious first degree offense. This legislative judgment suggests that trial courts should be cautious in imposing downgraded sentences for aggravated manslaughter. Moreover, although defendant asserted that the victim had repeatedly raped her, the trial court was not required to accept this assertion. "When a trial court imposes a sentence based on defendant's guilty plea, the defendant's admissions or factual version need not be the sole source of information for the court's sentencing decision." State v. Sainz, 107 N.J. 283, 293, 526 A.2d 1015 (1987). The court also could consider defendant's statement to the police and the grand jury proceedings, which reflected more inculpatory versions of the offense. Consequently, it was proper for the court to sentence defendant on the premise that there was some question regarding the nature of her relationship with the victim and the precise circumstances of the killing.
Although the trial court did not abuse its discretion in refusing to sentence defendant as a second degree offender, we agree with defendant's contention that the trial court failed to identify an apparently applicable mitigating sentencing factor, namely, that "[t]he imprisonment of the defendant would entail excessive hardship to himself or to his dependents." N.J.S.A. 2C:44-1b(11). At sentencing defense counsel argued that imprisonment would impose an excessive hardship upon defendant's two children.[1] The prosecutor did not dispute the presence of this mitigating sentencing factor. Nevertheless, the trial court indicated that it had found only three mitigating sentencing factors, which did not include hardship to defendant's children. Moreover, the court did not give any reason for failing to find this apparently applicable mitigating factor. Hardship to children may be a significant mitigating sentencing factor, and if the court had considered this factor in conjunction with the other applicable *52 mitigating factors, it very well may have found justification for imposing a base term of less than fifteen years and a corresponding reduction in the period of parole ineligibility mandated by the Graves Act. Therefore, we remand to the trial court for reconsideration of defendant's sentence in light of this mitigating sentencing factor.
Defendant also argues that the trial court erred by failing to give her jail credit for the time she spent in a convent before trial.
Rule 3:21-8 provides:
The defendant shall receive credit on the term of a custodial sentence for any time he has served in custody in jail or in a state hospital between his arrest and the imposition of sentence.
We have recognized that a defendant may be entitled to jail credit for time spent at a facility other than a jail or hospital, but only in very limited circumstances. State v. Reyes, 207 N.J. Super. 126, 141-45, 504 A.2d 43 (App.Div.), certif. denied, 103 N.J. 499, 511 A.2d 671 (1986). In denying a defendant jail credit for time spent in a residential drug treatment facility, we stated:
In order to secure sentence credit for the time spent at a residential drug program, a probationer must show that the program was so confining as to be substantially equivalent to custody in jail or in a state hospital.
....
Although unauthorized departure from a residential drug program may have serious consequences, the participant does retain the option to leave and incur those consequences. Attendance at such a program is not the equivalent of "custody" so long as there are no physical restraints and a participant retains the option to leave without committing an additional crime.

[207 N.J. Super. at 143-44, 504 A.2d 43.]
See also State v. Towey, 114 N.J. 69, 85-86, 552 A.2d 994 (1989).
Defendant was admitted to bail on December 14, 1990, on the condition that she reside at the Sisters of St. Joseph of Peace Rafael House in Saddle River. Defendant continued to reside there for the next eighteen months until she was sentenced on June 19, 1992. Except for her first four months in the convent, defendant was allowed to leave for visits with her husband and *53 children and later with her parents. Defendant also was allowed to travel to the convent's facility in Florida to vacation with her children.
In denying defendant's claim to jail credit for the time she resided in the convent, the trial court stated:
There was nothing before the Court to cause it to find that despite whatever restrictions were imposed on the defendant at the convent, however strict the nuns were, that this was the equivalent of being in the jail or a state hospital.
We agree. In fact, the restrictions placed on defendant while residing at the convent appear to have been less severe, at least after the first four months, than the restrictions imposed by the residential drug program involved in Reyes.
However, the trial court could consider the restrictions placed upon defendant's liberty during the lengthy period preceding her plea in determining what is a fair sentence under all the circumstances. Cf. State v. Fyffe, 244 N.J. Super. 310, 315-16, 582 A.2d 812 (App.Div. 1990); State v. Reyes, supra, 207 N.J. Super. at 145, 504 A.2d 43. Consequently, the trial court should consider this circumstance as well as the hardship to defendant's children in reconsidering defendant's sentence.
Accordingly, we remand to the trial court for reconsideration of defendant's sentence in conformity with this opinion. Jurisdiction is not retained.
NOTES
[1] The children were apparently in the custody of defendant's husband at the time of sentencing. Defendant advises us that her husband fled to Albania after sentencing, abandoning her children, and that the children are presently residing with their grandparents.