637 A.2d 956

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. WILLIAM C. CHRISTENSEN, DEFENDANT–
APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 11, 1994—Decided February 18, 1994.

Before Judges SKILLMAN, KESTIN and WEFING.

*John R. Ford* argued the cause for appellant.

*Mark P. Stalford,* Assistant Prosecutor, argued the cause for respondent (*John Kaye,* Monmouth County Prosecutor, attorney; *Mr. Stalford* of counsel and on the brief).

The opinion of the court was delivered by

SKILLMAN, J.A.D.

The primary issue presented by this appeal is whether a defendant whose probationary sentence was stayed pending the State's appeal, but who commenced serving that sentence when the

probation department mistakenly directed him to report, acquired a legitimate expectation in the finality of the probationary sentence which precluded the trial court from sentencing him to a custodial term after the State prevailed on its appeal.

Defendant pled guilty pursuant to a plea agreement to second degree aggravated assault, in violation of *N.J.S.A.* 2C:12–1b(1). In describing the plea agreement, the prosecutor noted that defendant was exposed to a custodial sentence ranging from five to ten years, with a presumptive term of seven years. However, the trial court sentenced defendant to a noncustodial three year probationary term. Immediately after the court imposed sentence, the prosecutor indicated that the State might take an appeal and asked the court to stay the sentence so that an objection "can not be interposed . . . that the defendant has already commenced serving his particular sentence." The court granted a ten day stay of the sentence "[t]o give the State an opportunity to take an appeal from this second degree crime, if they wish to do so." The State filed a notice of appeal within this ten day period and the court entered an order staying defendant's sentence pending the outcome of the appeal.

We concluded in an unreported opinion that the record did not "support a finding that the custodial sentence mandated by defendant's act would work a serious injustice which overrides the need to deter such conduct." *State v. Christensen,* No. A–4049–91T3 (Apr. 5, 1993). Accordingly, we reversed the judgment of conviction and remanded for imposition of an appropriate custodial sentence.

Upon remand, defense counsel moved to bar resentencing on double jeopardy grounds. Defense counsel informed the court that even though defendant's sentence had been stayed pending appeal, the probation department had directed defendant to report and begin serving his probationary term. Defense counsel also represented that he failed to inform defendant that his sentence had been stayed pending appeal and that defendant failed to communicate with him when the probation department directed

him to report. Instead, defendant complied with the probation department's directive and commenced serving his probationary sentence, which included reporting to probation, paying fines and attending counseling sessions. Defendant continued on probation for eleven months until our decision on the State's appeal.

The trial court accepted defense counsel's representations that he had not informed defendant of the stay of his sentence pending appeal and that defendant had complied with the probation department's directive to report for probation without communicating with his attorney. However, the court concluded that these circumstances did not bar defendant's resentencing to a custodial term:

> It is argued now that the Probation Department apparently unaware of the existence of the Order, called in the Defendant to have him embark upon his probation.
>
> . . . .
>
> That somehow that mistake or that error . . . made by the Probation Department . . . should nullify the Court order [and] that the double jeopardy principle should apply.
>
> . . . .
>
> The argument simply in my opinion is not a valid argument at all. [Defendant] was aware of the stay and if he was not aware of the stay, he should have been aware of the stay.
>
> It is incumbent upon him also when he sees that a mistake of that nature is occurring, to take steps to insure that the mistake is not continued; and then certainly not to see that a mistake is made and then take advantage of that particular mistake.
>
> The Order was signed by the Court. It was sent to counsel. . . . [E]verything that had to be done was done. There is no requirement that this particular Order be hand delivered to the Defendant. It was hand delivered or given to his counsel; and I am satisfied that if he did not know about it, he should have known about it.

After denying defendant's motion to bar his resentencing on double jeopardy grounds, the trial court resentenced defendant to a seven year term of imprisonment. The court also indicated that defendant was not entitled to any credit for the eleven months he had spent on probation.

Defendant appeals from his resentencing. We initially heard defendant's appeal on an excessive sentence calendar, *R.* 2:9–11,

but determined after argument that the matter should be placed on a regular calendar for disposition after full briefing. We affirm the trial court's denial of defendant's motion to bar his resentencing on double jeopardy grounds. However, we remand to the trial court to reconsider defendant's sentence.

■■■ Double jeopardy does not attach immediately upon the court's pronouncement of sentence. *United States v. DiFrancesco*, 449 *U.S.* 117, 133, 101 *S.Ct.* 426, 435, 66 *L.Ed.*2d 328, 343 (1980); *State v. Sanders*, 107 *N.J.* 609, 619, 527 *A.*2d 442 (1987); *State v. Rodriguez*, 97 *N.J.* 263, 270, 478 *A.*2d 408 (1984). Consequently, the Double Jeopardy Clauses of the United States and New Jersey Constitutions do not bar the government from appealing a criminal sentence. *United States v. DiFrancesco, supra,* 449 *U.S.* at 134–36, 101 *S.Ct.* at 435–36, 66 *L.Ed.*2d at 344–45; *State v. Sanders, supra,* 107 *N.J.* at 620–21, 527 *A.*2d 442. Indeed, a sentence may be partially executed without double jeopardy attaching so long as the trial court advises the defendant of the State's right of appeal. Thus, in *Sanders* the trial court stated that the defendants' sentences would not become final for ten days in order to permit the State to file an appeal, but refused to release the defendants during that ten day period. The Court rejected the defendants' argument that their immediate incarceration upon sentencing, without any opportunity to apply for release on bail, made their sentences final and caused jeopardy to attach:

> [W]e conclude that these defendants could not legitimately have expected that their sentences were final when pronounced.... [T]he Code of Criminal Justice expressly provides for prosecutorial appeal of a lenient sentence. *See N.J.S.A.* 2C:44–1f(2). Defendants are charged with notice of the terms of this provision. Moreover, the trial court explicitly advised defendants that their sentence would be stayed to permit the State to appeal. In light of the plain language of the statute and the court's comments at the sentencing hearing, it is unlikely that defendants' incarceration for the brief period in question could have affected their understanding that the State's statutory right of appeal might result in enhancement of the sentences imposed.

[107 *N.J.* at 620, 527 *A.*2d 442 (citations omitted).]

■■ We conclude for similar reasons that defendant's double jeopardy claim should be rejected. As in *Sanders*, defendant was

"charged with notice of the terms of [*N.J.S.A.* 2C:44–1f(2) ]" which authorizes the State to appeal a probationary sentence imposed for a second degree offense. As in *Sanders,* the trial court specifically informed defendant of the State's right to appeal. Moreover, defendant was present in court when the prosecution applied for a ten day stay "so that the State can make a determination as to whether an appeal can be taken" without an objection being "interposed ... that the Defendant has already commenced serving his particular sentence." Thus, defendant was informed at the time of sentencing that the State was considering an appeal of his sentence and that the sentence had been stayed for ten days. This should have alerted defendant to the likelihood that his sentence would be stayed for an additional period of time if the State in fact decided to appeal. Moreover, defendant acknowledges that he was aware of the State's appeal before he reported to the probation department.

Defendant relies upon our holding in *State v. Williams,* 203 *N.J.Super.* 513, 518, 497 *A.*2d 550 (App.Div.1985) that "where sentence is imposed pursuant to *N.J.S.A.* 2C:44–1f(2) and *R.* 3:21–4(g), the court should advise defendant of the election and waiver provision of *R.* 2:9–3(d) at the same time defendant is advised of his right to appeal as required by *R.* 3:21–4(f)." However, the Court in *Sanders* expressly rejected this part of our *Williams* opinion:

> In *State v. Williams, supra,* 203 *N.J.Super.* at 518, [497 *A.*2d 550] a panel of the Appellate Division held that a defendant must be advised at sentencing of the applicability of the election and waiver provisions of *Rule* 2:9–3(d). In view of our conclusion that the Rule is inapplicable until the State perfects its appeal, it is self-evident that this advice to a defendant is not required until the bail hearing is held.

[107 *N.J.* at 617 n. 7, 527 *A.*2d 442.]

Since defendant received a probationary sentence, he did not have a bail hearing. Nevertheless, defendant had to have been aware when he retained counsel to represent him on appeal that he would be subject to a custodial sentence if the State prevailed. Consequently, defendant could not have had a legitimate expectation in the finality of his sentence.

Although we reject defendant's double jeopardy claim, we conclude that the interests of justice require a remand to the trial court for reconsideration of his sentence. In *State v. Mirakaj*, 268 *N.J.Super.* 48, 52–53, 632 *A.2d* 850 (App.Div.1993), we held that the trial court in determining a fair sentence should have considered the restrictions placed upon the defendant's liberty due to her required residence in a convent as a condition of pretrial bail. Similarly, we believe that the trial court in resentencing defendant should have considered the restrictions placed on defendant's liberty after his original sentencing, namely, the probationary conditions to which he was subjected due in part to the probation department's mistake in ordering him to report. In addition, upon reconsideration of our prior opinion, we conclude that the trial court in its original sentencing of defendant correctly identified the hardship to defendant's children resulting from his incarceration, *N.J.S.A.* 2C:44–1b(11), as a mitigating sentencing factor. *See State v. Mirakaj, supra*, 268 *N.J.Super.* at 51–52, 632 *A.*2d 850; *cf. State v. Johnson*, 118 *N.J.* 10, 19, 570 *A.*2d 395 (1990). Moreover, we are convinced upon further review that there were substantial grounds tending to excuse or justify defendant's conduct, though failing to establish a defense, see *N.J.S.A.* 2C:44–1b(4), because defendant's assault conviction resulted from his coming to the aid of another person whom he believed was being attacked. Although the balance of applicable aggravating and mitigating sentencing factors would not justify downgrading defendant's offense and sentencing him within the sentencing range for a third degree offense, see *N.J.S.A.* 2C:44–1f(2), the trial court could properly conclude that defendant should be sentenced to less than the presumptive seven year term for a second degree offense.

Accordingly, we affirm the denial of defendant's motion to bar his resentencing on double jeopardy grounds but remand to the trial court for reconsideration of defendant's sentence.