928 A.2d 119 (2007)
395 N.J. Super. 98
STATE of New Jersey, Plaintiff-Appellant/Cross-Respondent,
v.
Raul D. LOPEZ, Defendant-Respondent/Cross-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted December 12, 2006.
Decided July 20, 2007.
*121 Yvonne Smith Segars, Public Defender, attorney for appellant (Robert Brigliadoro, Designated Counsel, on the brief).
Stuart Rabner, Attorney General, attorney for respondent (Deborah Bartolomey, Deputy Attorney General, of counsel and on the brief).
Before Judges KESTIN, PAYNE and GRAVES.
The opinion of the court was delivered by
KESTIN, P.J.A.D.
This criminal appeal comes to us in an unusual procedural posture. On May 4, 2005, the State filed a notice of appeal from the trial court's denial of its motion for reconsideration of the assertedly illegal sentence. On May 8, 2005, defendant filed a cross-appeal from the convictions and the assertedly excessive sentence. Reverting to more typical practice, defendant's brief was filed first, on March 31, 2006, in the form of an appellant's brief; and the State's brief was filed on August 8, 2006, in the form of a respondent's brief.
In a superseding indictment, defendant had been charged with first-degree kidnapping, N.J.S.A. 2C:13-1b; aggravated sexual assault, a first-degree crime, N.J.S.A. 2C:14-2a(3); sexual assault, a second-degree crime, N.J.S.A. 2C:14-2c; and third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4a. The jury convicted defendant of kidnapping and endangering; it acquitted defendant of aggravated sexual assault and sexual assault, but convicted him of third-degree aggravated criminal sexual contact, a lesser included crime.
Invoking N.J.S.A. 2C:44-1f(2) as authority to sentence defendant to a term one degree lower than the term of the crime for which he was convicted, the trial court, with a detailed recitation of reasons, sentenced defendant, on the kidnapping conviction, to a prison term of seven years subject to N.J.S.A. 2C:43-7.2, i.e., eighty-five percent of the term without parole eligibility and a five-year period of post-release parole supervision. On the aggravated criminal sexual contact conviction, the court imposed a concurrent three-year sentence. The endangering conviction was held to have merged into the other convictions. The judgment of conviction also provided that defendant was "sentenced to community supervision for life." See N.J.S.A. 2C:7-1 to -19.
The State invoked the ten-day-stay provision of Rule 3:21-4(i), see Pressler, Current N.J. Court Rules, comment 9 on R. 3:21-4 and comment 8.2 on R. 2:3-1 (2007), and appeals from the trial court's denial of its timely motion for reconsideration of the sentence. On its appeal, the State maintains that
DEFENDANT'S SENTENCE IS ILLEGAL AND HE MUST BE RESENTENCED TO THE MANDATORY 25-YEAR TERM REQUIRED BY HIS CONVICTION UNDER N.J.S.A. 2C:13-1c(2).
The State points out correlatively that, because aggravated criminal sexual contact with a person under the age of sixteen, N.J.S.A. 2C:14-3a, is a predicate crime for the imposition of a mandatory minimum sentence under N.J.S.A. 2C:13-1c(2)(a), the conviction in this matter for aggravated sexual contact should have been merged into the kidnapping conviction, as mandated by the last paragraph of N.J.S.A. 2C:13-1c(2).
Defendant, on his cross-appeal, raises the following issues:

POINT I THE STATEMENTS MADE BY THE DEFENDANT TO LAW ENFORCEMENT *122 OFFICERS SHOULD HAVE BEEN SUPPRESSED BECAUSE A). THEY WERE THE FRUIT OF AN UNLAWFUL SEARCH; B). THEY WERE NOT MADE KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY; AND C). THE POLICE FAILED TO SHOW THE DEFENDANT THE WARRANT FOR HIS ARREST AND FAILED TO INFORM HIM THAT IT WAS A NO BAIL WARRANT.
A. THE STATEMENTS MADE BY THE DEFENDANT TO LAW ENFORCEMENT OFFICERS SHOULD HAVE BEEN SUPPRESSED AS THEY WERE THE FRUIT OF AN UNLAWFUL SEARCH.
B. THE STATEMENTS MADE BY THE DEFENDANT SHOULD HAVE BEEN SUPPRESSED AS THEY WERE NOT MADE KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY.
C. THE STATEMENTS MADE BY THE DEFENDANT SHOULD HAVE BEEN SUPPRESSED BECAUSE THE POLICE FAILED TO SHOW THE DEFENDANT THE WARRANT FOR HIS ARREST AND FAILED TO INFORM HIM THAT IT WAS A NO BAIL WARRANT.

POINT II THE TRIAL COURT'S FAILURE TO GIVE ADEQUATE JURY INSTRUCTIONS WITH RESPECT TO THE KIDNAPPING COUNT, DEPRIVED THE DEFENDANT OF DUE PROCESS OF LAW. U.S. CONST. AMEND. XIV, N.J. CONST. ART. I, PAR. 1 (PARTIALLY RAISED BELOW).

POINT III THE COMMENTS MADE BY THE PROSECUTOR DURING HER OPENING STATEMENT AND IN HER SUMMATION AMOUNTED TO PROSECUTORIAL MISCONDUCT THEREBY DENYING THE DEFENDANT HIS RIGHT TO A FAIR TRIAL. (U.S. CONST. AMEND. V, VI AND XIV; N.J. CONST. (1947) ART. I, PARS. 9 AND 10).

POINT IV THE DNA RESULTS OBTAINED BY THE POLICE SHOULD HAVE BEEN SUPPRESSED BECAUSE THE DEFENDANT WAS UNLAWFULLY DETAINED.

POINT V THE USE OF THE DEFENDANT'S COMPUTER SCREEN NAME AS WELL AS HIS ALLEGED ON-LINE CONVERSATION WITH A.P. SHOULD HAVE BEEN PRECLUDED BECAUSE THEIR PROBATIVE VALUE WAS OUTWEIGHED BY THEIR PREJUDICIAL EFFECT.

POINT VI THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL MADE AT THE END OF THE STATE'S CASE AS THE STATE FAILED [SY] ESTABLISH A PRIMA FACIE CASE WITH RESPECT TO THE CHARGES IN THIS MATTER.

POINT VII THE TRIAL JUDGE ERRED IN DENYING THE DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL MADE AFTER THE JURY VERDICT OR IN THE ALTERNATIVE FOR A NEW TRIAL AS THE STATE'S CASE WAS NOT PROVED BEYOND A REASONABLE DOUBT AND NEWLY DISCOVERED EVIDENCE WAS FOUND.

POINT VIII THE SENTENCE IMPOSED WAS MANIFESTLY EXCESSIVE AND AN ABUSE OF THE TRIAL COURT'S DISCRETION AS IT FAILED TO PROPERLY WEIGH AGGRAVATING VERSUS MITIGATING FACTORS FOR IMPOSITION OF A TERM OF IMPRISONMENT WHICH *123 WAS GREATER THAN THE MINIMUM MANDATORY TERM, THEREFORE THE SENTENCE MUST BE MODIFIED BY THE REVIEWING COURT.
We affirm the convictions and remand for the imposition of a sentence meeting the requirements of the applicable statute.
On March 8, 2002, defendant was twenty-four years old and resided in California. He was staying at a hotel in Edison, New Jersey, on a business trip for his employer. In an on-line chat with a minor, A.P., defendant told her that he wanted to meet someone local. A.P. then spoke to her friend, M.B., a thirteen-year-old female, about defendant. M.B. did not have internet access at her family's home and she told A.P. to give defendant her phone number. Defendant called M.B., and they made plans to meet.
Defendant drove 90 minutes from Edison to M.B.'s home in Cherry Hill and waited for her in his car in front of the next-door neighbor's house. M.B., who had been "grounded" by her parents, sneaked out of her family's home and got into defendant's car. They drove back to defendant's hotel in Edison, stopping at least twice along the way. In his testimony at trial, defendant alleged he had been informed by A.P. that M.B. was eighteen years old. In his statement to the police several days after the incident, defendant admitted saying to M.B., as they arrived at defendant's hotel, that she should "try to look 18" as they walked through the hotel lobby.
Considerable evidence was presented to the jury as to what transpired between defendant and M.B. in the hotel room from the time they arrived at about 1:00 a.m. on March 9, until the time they departed together at about 11:00 a.m. that morning. Defendant testified at trial, as he had averred in his statement to the police on March 14, according to the detective who had taken the statement, that the two of them "had just cuddled. He said that they had hugged, kissed, and he admitted to touching her bare breasts under her clothing and that was the extent of the activity. He said he fell asleep." M.B. testified in detail to sexual activity, including intercourse, before defendant fell asleep. After they awoke, according to M.B., another incident of intercourse occurred. As we have noted, the jury acquitted defendant of aggravated sexual assault and sexual assault, but convicted him of aggravated criminal sexual contact, the lowest degree of the crimes referred to in N.J.S.A. 2C:13-1c(2)(a).
At about 11:00 a.m., defendant drove M.B. to a friend's house in Cliffwood Beach, which was fifteen or twenty minutes away from the hotel in Edison. M.B.'s friend drove her back to Cherry Hill later in the day on March 9, 2002.
M.B.'s parents had filed a missing persons report with the Cherry Hill police at 9:00 a.m. on March 9. When M.B. returned home at about 4:00 p.m. that day, her parents promptly notified the police she was no longer missing.
According to A.P., M.B. told her on Monday, March 11 that "she felt she had been raped because she didn't feel comfortable that night with [defendant] at the hotel." M.B. also related the events to her therapist on March 11, and she told her mother about them the next day.
M.B.'s parents took her to a hospital where she was examined for sexual assault and evidence was collected. M.B.'s father retrieved, from a hamper, the clothes that M.B. had worn the night of her disappearance. The clothes were tested, and M.B.'s underpants revealed a positive result for semen with defendant's DNA.
*124 M.B. and A.P. cooperated with law enforcement authorities in their investigation. A.P. turned over her cell phone and a photograph which defendant had sent her on-line. Based on the investigation, the Edison police obtained an arrest warrant and, on March 14, proceeded to the hotel. They knocked on the door to defendant's room and, after identifying him as he answered, the police announced the warrant and arrested him at the door.
We discern no merit in defendant's arguments that his statements to law enforcement officers should have been suppressed. The statements, given after defendant had been advised of his Miranda[*] rights, first as he was arrested and, then again, at the beginning of an interview at police headquarters, were not fruits of an unlawful search. No violation of defendant's constitutional rights occurred in the police investigation that disclosed his identity, particularly in the inquiry to a hotel employee for the room number and name of the occupant who had placed a telephone call to A.P. As a matter of law, defendant had no reasonable expectation of privacy as to his identity when he registered as a guest of the hotel. See N.J.S.A. 29:4-1. The police had engaged in a perfectly valid investigation to discover defendant's identity and location. All that occurred thereafter, including the Mirandized statements defendant made, was unsuppressible on the grounds of any invalidity in the investigation. We are in substantial agreement with the trial court's evaluation of defendant's contention that the arrest warrant was invalidly executed, its Miranda ruling, and its ultimate disposition of these related issues.
We, likewise, reject defendant's argument that the trial court gave an erroneous charge to the jury on kidnapping. There is no invalidating inconsistency or, as defendant argues, "circuitous[ness that] leads to an absurd result" just because kidnapping is one of the predicate offenses of aggravated sexual assault, see N.J.S.A. 2C:14-2a(3); and sexual assault and aggravated sexual assault of a victim below the age of sixteen, as well as aggravated criminal sexual contact with such a victim, are predicate offenses for the enhanced mandatory minimum sentencing provision for first-degree kidnapping, provided in the last paragraph of N.J.S.A. 2C:13-1c(2). It is axiomatic that a single act can violate more than one statutorily defined crime. See, e.g., State v. Fary, 16 N.J. 317, 323, 108 A.2d 593 (1954). There is no merit to the argument that defendant was entitled to the "released unharmed" charge that pertains to categories of kidnapping other than that which informed the kidnapping charge in this case. See N.J.S.A. 2C:13-1c(1).
We discern no merit sufficient to warrant discussion in any of defendant's remaining arguments addressed to the convictions: that prosecutorial excesses occurred during the State's opening to the jury, and in summation, sufficient to warrant a reversal of the conviction; that the results of the DNA test from the buccal sample given by defendant should have been suppressed because the circumstance violated the standards of Rule 3:5A; that defendant's computer screen name and his on-line chat with A.P. should have been suppressed because they unfairly shifted the prejudiciality/probative-value balance of Evidence Rule 403, and otherwise violated the underlying sense of Evidence Rule 404(b); and that the trial court erred in denying defendant's motions for a judgment of acquittal and for a new trial on the ground the State had failed to make *125 a prima facie case with respect to the charges. R. 2:11-3(e)(2).
Regarding the sentence, because we accept the State's argument that the sentence imposed was illegal, as departing from the mandatory minimum sentence requirements of law, we reject, perforce, defendant's arguments that the sentence was excessive. We note that after the trial judge invoked the sentence downgrade provisions of N.J.S.A. 2C:44-1f(2), defendant received all the discretionary consideration he was entitled to in the well  and fully-articulated reasons announced by the judge.
It is well-established, however, that, when the Legislature has enacted a mandatory minimum term for the commission of a crime, the "courts have no power" to impose a sentence that, in length or form, is different from that plainly provided in the statute. Doing so frustrates the Legislature's manifest intent. See State v. Des Marets, 92 N.J. 62, 64-65, 455 A.2d 1074 (1983). Chief Justice Wilentz stated the rule, albeit with regard to a different mandatory sentencing provision:
We do not pass on the wisdom of this legislation's mandatory . . . imprisonment term or the wisdom of its imposition on the offenses covered. That is a matter solely for the Legislature to decide. Once the Legislature has made that decision, and has made it within constitutional bounds, our sole function is to carry it out. Judges have no business imposing their views of "enlightened" sentencing on society, . . . including notions of discretionary, individualized treatment, when the Legislature has so clearly opted for mandatory prison terms. . . . It may be that the Legislature is more enlightened than the judges. Our clear obligation is to give full effect to the legislative intent, whether we agree or not.
[Id. at 65-66, 455 A.2d 1074 (footnote omitted).]
In N.J.S.A. 2C:44-1f(2) and other provisions, the Legislature has reposed considerable sentencing discretion in trial court judges, all toward the end of promoting just results. But the sentencing authority given to the courts is not unlimited. The lenity discretion conferred in N.J.S.A. 2C:44-1f(2) must be exercised sparingly, where the special qualities of a particular case support a determination that, for good and ample reasons stated, "the interest of justice demand[s] a downgraded sentence." State v. Megargel, 143 N.J. 484, 503, 673 A.2d 259 (1996). The reasons must be compelling, id. at 493-502, 673 A.2d 259, and "must be in addition to, and separate from, the `mitigating factors which substantially outweigh the aggravating factors,' that the trial court finds applicable. . . ." Id. at 502, 673 A.2d 259.
We respect the conscientious efforts of the trial judge in this matter to apply these standards. He cited Megargel and State v. Mirakaj, 268 N.J.Super. 48, 632 A.2d 850 (App.Div.1993), and measured the circumstances of this case by the principles enunciated in them. With due regard for those efforts, it is nevertheless clear the judge lost sight of the general orienting principle of Des Marets, supra, 92 N.J. at 80-81, 455 A.2d 1074, that, whatever discretion courts are given, the basic legislative design must govern. "[T]he judiciary has no power . . . to lessen or reduce a sentence where the Legislature has provided a mandatory penalty. . . ." Id. at 81, 455 A.2d 1074 (quoting State v. Bausch, 83 N.J. 425, 433, 416 A.2d 833 (1980)). Where the Legislature has provided a mandatory minimum sentence for a particular offense, as expressly and clearly as it has done in the last paragraph of N.J.S.A. 2C:13-1c(2), a court *126 may not employ its discretion to reach a different sentencing result, no matter how carefully it articulates the reasons or considers them imperative in the interests of justice.
For the foregoing reasons, while affirming the convictions, we remand for the entry of a modified judgment of conviction imposing on defendant a twenty-five-year term of imprisonment, without eligibility for parole, for the merged convictions for kidnapping and aggravated criminal sexual contact as provided in N.J.S.A. 2C:13-1c(2).
NOTES
[*] Miranda v. Arizona, 384 U.S. 436, 479, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694, 726 (1966).