**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4855-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

P.R.R.[1]

    Defendant-Appellant.

_____

Submitted February 25, 2020 – Decided April 9, 2020

Before Judges Gilson and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 14-02-0506.

Joseph E. Krakora, Public Defender, attorney for appellant (Kevin G. Byrnes, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Stephen Anton Pogany, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

---

[1] We use initials to protect the privacy of the victim. See R. 1:38-3(c)(9).

PER CURIAM

Following denial of his motion to suppress evidence seized pursuant to a search warrant, defendant P.R.R. pled guilty to first-degree kidnapping and aggravated sexual assault for vaginally penetrating his tenant's daughter, L.L., when she was between the ages of ten and eleven years old. The acts were performed in defendant's truck, in the vicinity of a shopping mall, after L.L.'s parents entrusted the child to defendant's care. Defendant was sentenced to an aggregate prison term of twenty-five years, with a mandatory minimum term of twenty-five years without parole pursuant to N.J.S.A. 2C:13-1(c)(2).

The charges ensued from a nine-month law enforcement investigation involving the transmission of child pornography videos through online peer-to-peer files. Defendant's internet provider (IP) address was implicated during that investigation. Following the execution of a search warrant, police seized and searched several computers, hard drives, and external storage devices. Hundreds of images of child pornography, including videos of defendant engaging in sexual activity with L.L., were contained on those devices.

On appeal, defendant raises two points for our consideration:

> POINT I
>
> . . . DEFENDANT'S RIGHT TO BE FREE FROM
> UNREASONABLE SEARCHES AND SEIZURES AS

GUARANTEED BY THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, PAR. 7 OF THE NEW JERSEY CONSTITUTION WAS VIOLATED.

A. The Affidavit Does Not Establish Probable Cause.

B. . . . Defendant is Entitled to a <u>Franks</u>[2] Hearing. Because the Affidavit in Support of the Search Warrant Contains Material Misrepresentations of Fact the Officer Knew or Should Have Known Were False.

POINT II

THE SENTENCE IS EXCESSIVE[.]

We have considered the contentions raised in point I in light of the record and applicable legal principles, and conclude they lack sufficient merit to warrant extended discussion in our written opinion, <u>R.</u> 2:11-3(e)(2), beyond the following comments. We affirm defendant's kidnapping convictions and sentence. But we vacate the penalties and fines imposed on the aggravated sexual assault convictions and remand the matter to the Law Division to merge those convictions into the kidnapping convictions and issue an amended judgment of conviction.

---

[2] <u>Franks v. Delaware</u>, 438 U.S. 154 (1978).

## I.

## A.

We briefly address defendant's argument that the seventeen-page affidavit lacked probable cause because it was based upon "stale" information. In particular, defendant claims the affiant's description of a file shared by defendant's IP address on December 1, 2012 was "stale by the time application was made on January 29, 2013 . . . ." In doing so, we undertake a de novo review of the adequacy of probable cause supporting the search warrant, State v. Handy, 206 N.J. 39, 44-45 (2011), recognizing defendant bore the burden of challenging the search and proving a lack of probable cause. State v. Boone, 232 N.J. 417, 427 (2017).

Referencing page fifteen of the affidavit, the trial court cited the affiant's "extensive training in child exploitation and child pornography" and her explanation that child pornographers "rarely, if ever, dispose[] of . . . sexual[ly] explicit images of minors . . . because the images are treated as prize possessions." As the court noted, the affiant aptly cited our Supreme Court's decision in State v. Evers, 175 N.J. 355, 384 (2003), "for the proposition that '[p]edophiles, preferential child molesters, and child pornography collectors maintain their materials for significant periods of time.'" The trial court found

the affiant's statements were corroborated by the facts set forth elsewhere in the affidavit that "defendant's computer was sharing child pornography on three separate occasions over the span of eight months."

Accordingly, the court found "[b]ased on the totality of the circumstances" it was "reasonable to conclude . . . defendant would continue to possess that child pornography on January 29, 2013." In reaching his decision, the court correctly noted it was required to defer to the issuing judge's probable cause determination. See State v. Dispoto, 383 N.J. Super. 205, 216 (App. Div. 2016). Based on our de novo review of the record, Handy, 206 N.J. at 44-45, we discern no basis to disturb the trial court's decision.

### B.

Little need be said regarding defendant's cursory argument that the affidavit contained materially false information warranting a Franks hearing. To support his claim, defendant cherry picks one statement from paragraph fifteen of the affidavit, which supported the application for a "no knock" warrant. He claims "the known presence of a firearm by one of the occupants" is a false statement because police should have known none of the occupants "ha[d] a firearm application on file."

Defendant's argument is erroneous: defendant's son – who resided at the premises – was a law enforcement officer. As noted by the court and as set forth in a previous paragraph of the affidavit, one of the residents of the premises was "employed by the . . . Department of Corrections and as such, was issued and possesse[d] a Glock, Model 19 (9mm) handgun."

Based upon our de novo review of the affidavit, we conclude defendant has failed to "make[] a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and [that] the allegedly false statement [wa]s necessary to the finding of probable cause," warranting a hearing. Franks, 438 U.S. at 155-56; see also State v. Howery, 80 N.J. 563, 567-68 (1979). We further note that the affiant's statements concerning the firearm did not bear upon probable cause. See Howery, 80 N.J. at 568 (citing Franks, 438 U.S. at 171) (recognizing a misstatement is considered material if, when excised, the warrant affidavit "no longer contains facts sufficient to establish probable cause" in its absence).

We hasten to add, however, that there was more than sufficient support for a no-knock warrant set forth in the affidavit. Indeed, paragraph fifteen further provides that the affiant was aware of "the presence of potential counter

6

surveillance (security cameras)."  And, paragraph five, which describes the premises to be searched, provides:  "Mounted to th[e] patio roof are two surveillance cameras angled to the patio and street[,]" and affixed to the wrought iron gate is a sign indicating the premises "has video surveillance cameras." Accordingly, the affidavit contained more than generalized suspicions and "boilerplate language" to justify dispensing with the knock and announce rule iterated by our Supreme Court in State v. Johnson, 168 N.J. 608, 619, 623 (2001).

## II.

Turning to defendant's excessive sentencing point, we first set forth the terms of the plea agreement, as amended prior to sentencing, to give context to the length of the sentence imposed.

Defendant pled guilty to two counts of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1), by vaginal penetration of a child, who was less than thirteen years old; and two counts of first-degree kidnapping, N.J.S.A. 2C:13-1(b)(1), by committing aggravated sexual assault on a child, who was less than sixteen years old.  Pursuant to the negotiated plea agreement, the prosecutor recommended a twenty-five-year custodial sentence with an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act (NERA),

A-4855-16T3

N.J.S.A. 2C:43-7.2, to run concurrently with defendant's then-pending federal sentence on related child pornography charges,[3] and all mandatory fines and penalties. The State recommended dismissal of the remaining sixteen counts charged in the twenty-count indictment.

At the start of the sentencing hearing, defendant's newly-appointed counsel[4] provided the court with copies of the amended plea form, reflecting "the actual recommended sentence is twenty-five years" with "twenty-five years [of] parole ineligibility" pursuant to N.J.S.A. 2C:13-1(c)(2), and the amended NERA form, stating: "Does not apply." Defendant initialed the forms and acknowledged the revisions on the record.

Defendant now argues his sentence "is patently excessive" because, as a sexagenarian, a twenty-five-year period of parole ineligibility "is tantamount to a death sentence." For the first time on appeal, defendant contends the State was bound by its initial plea offer. Defendant also claims the court improperly determined the aggravating and mitigating factors. Defendant does not,

---

[3]  Although the record on appeal does not contain the federal judgment of conviction, the parties do not dispute that the federal court sentenced defendant to a thirty-year prison term prior to imposition of sentence by the trial court in the present matter.

[4]  Retained counsel represented defendant during all prior proceedings.

however, dispute that his sentence was mandated by the applicable subsection of the kidnapping statute.

When the victim of a kidnapping is less than sixteen years old and sexually assaulted under N.J.S.A. 2C:14-2, the sentencing court is required to impose a prison term between twenty-five years and life, with a parole ineligibility period of twenty-five years. N.J.S.A. 2C:13-1(c)(2). As we have observed,

> Where the Legislature has provided a mandatory minimum sentence for a particular offense, as expressly and clearly as it has done in the last paragraph of N.J.S.A. 2C:13-1(c)(2), a court may not employ its discretion to reach a different sentencing result, no matter how carefully it articulates the reasons or considers them imperative in the interests of justice.
>
> [State v. Lopez, 395 N.J. Super. 98, 109 (App. Div. 2007).]

Because the trial court was mandated to impose a twenty-five-year term of imprisonment we reject any implication by defendant that the sentence was illegal because it was the functional equivalent of life without parole. And, the record contradicts any further implication that defendant did not agree to be sentenced to that term.

Before turning to defendant's challenges to the court's determination of the aggravating and mitigating factors, we pause to note – although not raised by the parties – we independently discern that merger of the convictions for

9

aggravated sexual assault with kidnapping was mandated by N.J.S.A. 2C:13-1(c)(2) (providing "the crime of kidnapping [committed against a child under the age of sixteen] and underlying aggravating crimes [including aggravating sexual assault] shall merge for the purposes of sentencing"); State v. Cooper, 151 N.J. 326, 406 (1997).  Moreover, the failure to merge convictions when appropriate results in an illegal sentence, State v. Romero, 191 N.J. 59, 80 (2007), which is a legal issue we review de novo, State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2016).

We turn to the court's assessment of the aggravating and mitigating factors, observing that because defendant was sentenced at the lowest end of the permissible range for kidnapping under the circumstances of this case, see State v. Bieniek, 200 N.J. 601, 608 (2010), pursuant to the negotiated plea agreement, the court lacked any discretion to impose a lesser sentence.  "Even a sentence recommended as part of a plea agreement, however, may be vacated if it does not comport with the sentencing provisions of our Code of Criminal Justice." State v. Fuentes, 217 N.J. 57, 71 (2014).

We review the sentence imposed pursuant to a plea agreement under a deferential abuse-of-discretion standard.  State v. Sainz, 107 N.J. 283, 292 (1987); State v. Roth, 95 N.J. 334, 364-65 (1984).  We affirm a sentence if:  (1)

the trial court followed the sentencing guidelines; (2) its findings of fact and application of aggravating and mitigating factors were based on competent, credible evidence in the record; and (3) its application of the law to the facts does not "shock[] the judicial conscience." State v. Bolvito, 217 N.J. 221, 228 (2014) (quoting Roth, 95 N.J. at 364-65).

The sentencing court must identify and consider "any relevant aggravating and mitigating factors" that "are called to the court's attention[,]" and "explain how [it] arrived at a particular sentence." State v. Case, 220 N.J. 49, 64-65 (2014) (internal quotation marks omitted). The court's explanation of the aggravating and mitigating factors need not, however, "be a discourse." State v. Dunbar, 108 N.J. 80, 97 (1987), overruled in part by State v. Pierce, 188 N.J. 155 (2006). We must affirm the sentence "as long as the trial court properly identifie[d] and balance[d] aggravating and mitigating factors that [were] supported by competent credible evidence in the record." State v. O'Donnell, 117 N.J. 210, 215 (1989).

The trial court found, and ascribed heavy weight to, aggravating factors one, N.J.S.A. 2C:44-1(a)(1) (the offense was committed in a heinous, depraved or cruel manner), and two, N.J.S.A. 2C:44-1(a)(2) (the victim was particularly vulnerable). The court also found, and assigned moderate weight to aggravating

factors three, N.J.S.A. 2C:44-1(a)(3) (the risk that defendant will commit another offense), and nine, N.J.S.A. 2C:44-1(a)(9) (the need to deter defendant and others from violating the law). Acknowledging defendant led a law-abiding life for thirty-five years prior to the commission of the present offenses, the court found mitigating factor seven, N.J.S.A. 2C:44-1(b)(7), affording it moderate weight. Concluding the aggravating factors preponderated over the mitigating factors, the court sentenced defendant in accordance with the plea agreement.

In overlapping arguments, defendant contends the trial court improperly found aggravating factors one and two based upon L.L.'s age and vulnerability, which "were essential elements of the crime." Although we find no merit in defendant's challenge to aggravating factor two, we agree that the court impermissibly applied aggravating factor one.

While "sentencing courts frequently apply both aggravating factors one and two, each requires a distinct analysis of the offense for which the court sentences the defendant." State v. A.T.C., 454 N.J. Super. 235, 255 (App. Div. 2018), aff'd in relevant part, 239 N.J. 450 (2019) (internal quotation marks omitted). When evaluating aggravating factor one, "[a] sentencing court may consider 'aggravating facts showing that [a] defendant's behavior extended to

the extreme reaches of the prohibited behavior.'" State v. Miller, 237 N.J. 15, 29 (2019) (alterations in original) (quoting Fuentes, 217 N.J. at 75). Aggravating factor two "focuses on the setting of the offense itself with particular attention to any factors that rendered the victim vulnerable or incapable of resistance at the time of the crime." State v. Lawless, 214 N.J. 594, 608 (2013). The trial court "must engage in a pragmatic assessment of the totality of harm inflicted by the offender on the victim, to the end that defendants who purposely or recklessly inflict substantial harm receive more severe sentences than other defendants." State v. Kromphold, 162 N.J. 245, 358 (2000).

Relying on our decision in State v. Taylor, 226 N.J. Super 441, 453 (App. Div. 1988), the trial court determined aggravating factor one applied based solely upon the victim's age of ten at time of the offense. But in Taylor, we concluded the sentencing judge properly considered a victim's extreme youth in finding aggravating factor two, where the victim of sexual abuse was only four years old and the defendant was her uncle. Because L.L.'s age was an "[e]lement[] of [the] crime, including [the element] that establish[ed] its grade," Lawless, 214 N.J. at 603, the trial court impermissibly found the victim's age as an aggravating factor here.

Ordinarily, we might remand for resentencing where, as here, the trial court engages in impermissible double-counting.  See Fuentes, 217 N.J. at 70. We instead conclude the error was harmless.  See State v. Gallagher, 286 N.J. Super. 1, 21 (App. Div. 1995) (recognizing the sentencing court's reference to the defendant's use of a gun in committing the aggravated sexual assault was not improper double counting, but if it were, the error was harmless because the court found five aggravating factors and no mitigating factors); see also R. 2:10–2.  In view of the weight afforded to the other aggravating factors, the minimal weight afforded to the mitigating factor, and that the court imposed sentence at the lowest end of the permissible range for kidnapping, a remand for resentencing is not warranted.

Regarding aggravating factor two, the trial court observed defendant's relationship with L.L. rendered her particularly vulnerable to the crimes. Defendant capitalized on his relationship with L.L.'s family, "posed [as] a family member" and used his relationship to "manipulate" and "assault" L.L. Defendant's factual basis underscores his deceit, wherein he acknowledged he told the victim's "mother that [he was] going to take L.L. to the mall" but instead "commit[ted] an aggravated sexual assault against L.L."

14

According to the victim, defendant perpetuated that ruse by purchasing a gift for her at the mall after he sexually assaulted her and threatened that her undocumented family would be exposed if she reported the abuse. See Lawless, 214 N.J. at 611 (aggravating factor two "focuses on the setting of the offense itself with particular attention to any factors that rendered the victim vulnerable or incapable of resistance at the time of the crime"). The record amply supports the application of aggravating factor two under the circumstances of this case. See O'Donnell, 117 N.J. at 215.

The trial court's findings that aggravating factors three and nine applied were based largely upon defendant's prior federal child pornography conviction. As to aggravating factor three, defendant faults the court for failing to "conduct any psychological risk analysis tests or cite other evidence that would indicate he was at risk to commit another offense." Defendant also claims his evaluation by the Adult Diagnostic Treatment Center psychologist demonstrates he "was not a compulsive offender."

Defendant's argument is belied by that same evaluation, which concludes defendant met the criteria for repetition. The repetitive nature of the present offenses supports the court's finding of aggravating factors three and nine. See O'Donnell, 117 N.J. at 215. Defendant's contention that the need to deter "has

lost its value as a meaningful aggravating factor" is an argument best left to the other two branches of government. State v. Saavedra, 433 N.J. Super. 501, 525 (App. Div. 2013); see also R. 2:11-3(e)(2).

Lastly, defendant argues the trial court failed to consider his "repentance" in mitigation of sentence. For the first time on appeal, he contends the court should have found mitigating factors eight, N.J.S.A. 2C:44–1(b)(8) (defendant's conduct was a result of circumstances unlikely to recur), and nine, N.J.S.A. 2C:44-1(b)(9) (defendant's character and attitude indicate it is unlikely he will commit another offense). Defendant's argument fails in view of his likelihood of recidivism and continual abuse of L.L. in this case. While it is possible to find contradictory factors, provided they are "specifically explained," Fuentes, 217 N.J. at 63, the trial court specifically considered and rejected defendant's purported repentance, which failed to address any "feeling" or "empathy for th[e] young girl." The court also rejected defendant's "characteriz[ation of] what [he] did as a mistake," finding defendant's actions were "a scheme to create a situation where [he] took advantage of a young child and her family." It is beyond peradventure that neither mitigating factor eight nor nine applies here.

16

In sum, the sentence imposed by the trial court, pursuant to the amended plea agreement, does not shock our judicial conscience. <u>Bolvito</u>, 217 N.J. at 228.

Affirmed in part; vacated and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4855-16T3