590 A.2d 238

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT v.
MICHAEL RIVERA, DEFENDANT–RESPONDENT.

Argued March 11, 1991—Decided May 23, 1991.

*Gary A. Thomas,* Assistant Prosecutor, argued the cause for appellant (*Herbert H. Tate, Jr.,* Essex County Prosecutor, attorney).

*Roderick T. Baltimore,* Assistant Deputy Public Defender, argued the cause for respondent (*Wilfredo Caraballo,* Public Defender, attorney).

The opinion of the Court was delivered by

POLLOCK, J.

This appeal centers on the propriety of conditionally suspending the imposition of a sentence for the commission of a second-degree offense. Pursuant to a plea agreement, defendant, Michael Rivera, pled guilty to second-degree robbery contrary to *N.J.S.A.* 2C:15–1, an offense that is subject to a presumption of incarceration, see *N.J.S.A.* 2C:44–1d, for a term between five and ten years, see *N.J.S.A.* 2C:43–6a(2), with a presumptive term of seven years, see *N.J.S.A.* 2C:44–1f(1)(c). At the sentencing hearing, the trial court suspended the imposi-

tion of sentence for two years, subject to certain conditions. In an unreported decision, the Appellate Division affirmed. We granted the State's motion for leave to appeal, —— *N.J.* ——, —— *A.*2d —— (1990), and now reverse the judgment of the Appellate Division and remand the matter to the Law Division for resentencing.

-I-

On July 24, 1989, defendant, who was on two years' probation for burglary and aggravated assault convictions, pled guilty to second-degree robbery. Apparently, both the present offense and the earlier ones were related to defendant's drug addiction. Under the terms of the plea agreement, the State agreed to recommend a custodial term not to exceed five years.

On September 22, 1989, when defendant appeared for sentencing, the court declined to follow the terms of the plea agreement, to review the aggravating and mitigating factors, or to impose the presumptive period of incarceration. Instead, the court suspended the imposition of sentencing until September 26, 1991, provided that defendant abide by the following conditions: (1) defendant is to enter a long-term drug rehabilitation program; (2) defendant is to reside with his father in Puerto Rico; (3) defendant is to have no involvement with drugs; (4) defendant is not to commit any criminal offense; (5) the court is to receive bimonthly reports on defendant's progress from the drug rehabilitation program; and (6) defendant waives his right to contest extradition from Puerto Rico. A violation of any of the conditions would result in immediate sentencing. The court declined to call its action the imposition of a suspended sentence with probation, instead calling it a conditional suspension of the imposition of sentencing.

-II-

*N.J.S.A.* 2C:43-2, on which the Appellate Division relied, provides:

a. Except as otherwise provided by this code, all persons convicted of an offense or offenses shall be sentenced in accordance with this chapter.

b. Except as provided in subsection a. of this section and subject to the applicable provisions of the code, the court may suspend the imposition of sentence on a person who has been convicted of an offense * * *.

*N.J.S.A.* 2C:45–1a elaborates: "When the court suspends the imposition of sentence * * *, it shall attach such reasonable conditions, authorized by this section, as it deems necessary to insure that [defendant] will lead a law-abiding life or is likely to assist him to do so." The statute then lists conditions that the court may impose on a defendant whose sentence has been suspended. *N.J.S.A.* 2C:45–1b.

We have stated, however, that "2C:43–2(b) does not of itself give the court the power to suspend sentence. That power is granted in Chapter 44 of the New Jersey Criminal Code. 2C:43–2, then, is not the first stop for a court when it sentences. Absent diversion through [pretrial intervention] or another program, a sentencing court must first turn to 2C:44–1(d)." *State v. Roth,* 95 *N.J.* 334, 357, 471 *A.*2d 370 (1984).

Consequently, a sentencing court must first look to *N.J.S.A.* 2C:44–1d, which provides:

The court shall deal with a person who has been convicted of a crime of the first or second degree by imposing a sentence of imprisonment unless, having regard to the character and condition of the defendant, it is of the opinion that his imprisonment would be a serious injustice which overrides the need to deter such conduct by others.

The Code thus creates a presumption of incarceration for defendants convicted of first- or second-degree crimes. That presumption requires courts to incarcerate such offenders except " 'where it would be entirely inappropriate to do so.' " *Roth, supra,* 95 *N.J.* at 358, 471 *A.*2d 370 (quoting 2 *Final Report of the New Jersey Criminal Law Revision Commission: Commentary* 326 (1971)). The exception applies in the extraordinary case when " 'the human cost of such deterrence * * * is too great.' " *Ibid.* (quoting *State v. Harris,* 70 *N.J.* 586, 596, 362 *A.*2d 32 (1976)).

In effect, the trial court's suspension of the imposition of a sentence amounted to the unauthorized imposition of a non-custodial sentence. A court may suspend the imposition of a sentence only after first determining that a non-custodial sentence is authorized and appropriate. J. Cannel, *N.J. Criminal Code Annotated* 2C:43–2 comment 5, at 658 (1991). As a practical matter, a sentencing court may postpone the imposition of sentence for certain reasons such as obtaining information about the defendant or to permit a defendant to comply with a plea agreement, for example, by cooperating with the prosecution and testifying in another matter. Sentence, however, "shall be imposed without unreasonable delay." *R.* 3:21–4(a). Moreover, if the two-year suspension were not considered to be a non-custodial sentence, its imposition would circumvent the State's right to appeal a sentence under *N.J.S.A.* 2C:44–1f(2).

The suspension of sentence in this case also runs afoul of another strand of sentencing law. As we have previously stated,

> the Code focuses on "the gravity of the offense and not the blameworthiness of the offender." *Roth, supra,* 95 *N.J.* at 355 [471 *A.*2d 370]; *State v. Hodge,* 95 *N.J.* 369, 377–79 [471 *A.*2d 389] (1984). In enacting the Code, the Legislature sought to promote uniformity in sentencing by channeling the discretion of trial courts. *Hodge, supra,* 95 *N.J.* at 375 [471 *A.*2d 389]. The Code achieves that uniformity by emphasizing the severity of the crime, rather than defendant's capacity for rehabilitation.

> [*State v. Jabbour,* 118 *N.J.* 1, 6, 570 *A.*2d 391 (1990).]

Even when, as here, the commission of the offense may be related to the offender's drug or alcohol addiction, the Code does not condone leniency. *State v. Jarbath,* 114 *N.J.* 394, 407, 555 *A.*2d 559 (1989); *Roth, supra,* 95 *N.J.* at 368, 471 *A.*2d 370. Only in the rare case, when it would be entirely inappropriate, "may a defendant convicted of a first- or second-degree offense avoid a prison term." *Jabbour, supra,* 118 *N.J.* at 8, 570 *A.*2d 391.

-III-

In suspending the imposition of sentence on defendant, the trial court ignored the presumption of incarceration for a second-degree offense and imposed a non-custodial sentence. The court reached that result without balancing the aggravating and mitigating factors, *N.J.S.A.* 2C:44-1, or explaining the reasons for deviating from the statutory guidelines. We recall that "[a]s well-intentioned as the lower courts may have been * * *, their emphasis was misplaced. * * * Incarceration * * * is the result ordained by the Code." *Jabbour, supra,* 118 *N.J.* at 8, 570 *A.*2d 391.

At oral argument, defense counsel requested, if we should reverse, that defendant receive credit for the "street time" already served. The issue, however, was not otherwise briefed or argued in the lower courts or before us. We decline to reach it.

The judgment of the Appellate Division is reversed, and the matter is remanded to the Law Division for resentencing.

*For Reversal and Remandment*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed*—None.