**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1921-15T1
           A-3586-15T1


STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

AMBER L. SPURLIN, a/k/a
LYNN A. SPURLIN,

    Defendant-Respondent.

_____

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

STEVEN J. KACZUR,

    Defendant-Respondent.

_____

        Submitted June 1, 2017 — Decided June 21, 2017

        Before Judges Alvarez, Manahan and Lisa.

        On appeal from Superior Court of New Jersey,
        Law Division, Middlesex County, Indictment
        Nos. 14-01-0034 (A-1921-15) and 12-12-1775 (A-
        3586-15).

Andrew C. Carey, Middlesex County Prosecutor, attorney for appellant (Jason Boudwin, Assistant Prosecutor, of counsel and on the brief).

Respondent Amber L. Spurlin has not filed a brief.

The Maglione Firm, P.C., attorneys for respondent Steven J. Kaczur (Dean R. Maglione, of counsel; Lora B. Glick, on the brief).

PER CURIAM

These cases were calendared back-to-back, and we now consolidate them for disposition in a single opinion. The two cases involve identical sentencing issues dealing with the Graves Act waiver provision, N.J.S.A. 2C:43-6.2, which authorizes a prosecutor to move before the assignment judge for a waiver of the minimum mandatory terms of imprisonment that are generally required under the Graves Act pursuant to N.J.S.A. 2C:43-6c.

The crimes in both cases were second-degree crimes and were committed in Middlesex County. In both cases, the prosecutor moved before the assignment judge for a Graves Act waiver. The assignment judge approved the waiver but did not determine which of the two options available when a waiver is granted, namely, reduction of the minimum mandatory term to one year or imposition of a probationary sentence, should be imposed. He left that determination to the sentencing judge.

The matters in both cases went back before the same sentencing judge, who imposed probationary terms for both defendants. The State appealed, contending that these sentences were illegal because the facts before the court in each case, as well as the sentencing court's findings, only supported imposition of a prison sentence of not less than three years, which would require, under the waiver provision, a one year parole disqualifier as a component of the sentence. The State argues that the sentencing judge erred by failing to consider the criteria set forth in N.J.S.A. 2C:44-1d to overcome the presumption of imprisonment for second-degree offenders. Instead, he determined that the presumption of imprisonment generally applicable to second-degree crimes did not apply in the context of a Graves Act waiver.

We agree with the State that the presumption of imprisonment for a second-degree offender set forth in N.J.S.A. 2C:44-1d must be considered as a threshold matter in determining whether, in approving a Graves Act waiver, a probationary sentence is appropriate or whether a state prison sentence is required. In a decision rendered on April 5, 2017, our Supreme Court so held. State v. Nance, 228 N.J. 378 (2017). In that decision, the Court also set forth the procedural steps that must be followed in connection with the imposition of a sentence which includes a

A-1921-15T1

Graves Act waiver application. Those steps were not followed in these cases.

Accordingly, on both procedural and substantive grounds, we reverse the sentences in both cases and remand for resentencing.

I.

A.

Amber L. Spurlin pled guilty to second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5b. This is a Graves Act offense, and ordinarily would require a State Prison sentence with a minimum parole disqualifier of forty-two months pursuant to N.J.S.A. 2C:43-6c.[1] Pursuant to a plea agreement, the State agreed to seek a waiver of the forty-two month parole disqualifier generally required and recommend reduction, under the waiver provision, to one year of parole ineligibility. The State also agreed to recommend that she be sentenced to a base term appropriate to a crime one degree lower than the second-degree crime for which she was convicted, as authorized by N.J.S.A. 2C:44-1f(2), specifically three years.

---

[1] Spurlin's crime was committed on August 11, 2013. N.J.S.A. 2C:43-6c was amended by L. 2013, c. 113, § 2, effective August 8, 2013 to increase the minimum Graves Act parole disqualifier generally required for second-degree crimes from three years to forty-two months. Kaczur's crime was committed on November 6, 2010. Therefore, the Graves Act parole disqualifier generally applicable to him was three years.

The State moved before the assignment judge for approval of the waiver. The assignment judge granted the State's motion but did not decide which of the statutory alternatives, probation or imprisonment with a reduction of the parole ineligibility term to one year, should apply when sentencing defendant. Instead, the assignment judge left that determination to the sentencing judge.

The sentencing judge found the applicability of two aggravating factors, namely factors (3) the risk that defendant would commit another offense, and (9) the need for deterrence. N.J.S.A. 2C:44-1a(3) and (9). The judge found the applicability of four mitigating factors, namely factors (2) defendant did not contemplate serious harm, (7) no prior history, (8) defendant's conduct was the result of circumstances unlikely to recur, and (10) amenability to probationary treatment. N.J.S.A. 2C:44-1b(2), (7), (8) and (10). The judge found that based upon a substantial preponderance of mitigating factors the interest of justice would be served by imposing a probationary sentence. He sentenced Spurlin to three-years probation with a ten-day county jail component. The judge stated that he had no objection to Spurlin's probationary supervision being transferred to her home state of Florida.

The judge rejected the State's argument that the serious injustice criteria for overcoming the presumption of imprisonment

for a second-degree crime, N.J.S.A. 2C:44-1d, was required to be found as a prerequisite to imposing a non-State Prison sentence. As we previously stated, the judge was of the view that N.J.S.A. 2C:44-1d was not applicable because the Graves Act waiver provision superseded it.

B.

Steven Kaczur pled guilty to second-degree possession of a firearm while engaged in drug distribution activity, N.J.S.A. 2C:39-4.1. As in the Spurlin case, the State, by way of plea agreement, agreed to move for a waiver of the mandatory Graves Act parole disqualifier which, for Kaczur, would have been three years pursuant to N.J.S.A. 2C:43-6c, and to recommend a sentence of three-years imprisonment with a one-year parole disqualifier.

The State filed a waiver motion with the assignment judge. As with Spurlin, the assignment judge approved the waiver but did not choose which available option under the waiver provision should apply, leaving that determination to the sentencing judge.

The matter went before the same sentencing judge who sentenced Spurlin. The same arguments were made, and the judge again held that the presumption of imprisonment provision did not apply in a Graves Act waiver situation. The judge found the applicability of aggravating factor (9) the need for deterrence, N.J.S.A. 2C:44-1a(9). He found the applicability of mitigating factors (2)

6    A-1921-15T1

defendant did not contemplate serious harm, (7) lack of prior record, (8) defendant's conduct not likely to recur, and (10) amenability to probation. N.J.S.A. 2C:44-1b(2), (7), (8) and (10). The judge found a substantial preponderance of mitigating factors, thus justifying imposition of a probationary sentence. He sentenced Kaczur to three-years probation with a seven-day county jail component.

## II.

The Graves Act waiver provision provides:

> On a motion by the prosecutor made to the assignment judge that the imposition of a mandatory minimum term of imprisonment under (a) subsection c. of [N.J.S.A.] 2C:43-6 for a defendant who has not previously been convicted of an offense under that subsection, or (b) subsection e. of [N.J.S.A.] 2C:39-10 for a defendant who has not previously been convicted of an offense under chapter 39 of Title 2C of the New Jersey Statutes, does not serve the interests of justice, the assignment judge shall place the defendant on probation pursuant to [N.J.S.A. 2C:43-2(b)(2)] or reduce to one year the mandatory minimum term of imprisonment during which the defendant will be ineligible for parole. The sentencing court may also refer a case of a defendant who has not previously been convicted of an offense under that subsection to the assignment judge, with the approval of the prosecutor, if the sentencing court believes that the interests of justice would not be served by the imposition of a mandatory minimum term.
>
> [N.J.S.A. 2C:43-6.2.]

We first address the procedural issue implicated in these appeals.  In <u>Nance</u>, the Court made clear that only the assignment judge (or his or her designee) possesses the authority under the waiver provision to make the so-called "in-out" decision, that is, whether in approving a waiver application, the defendant should receive a State Prison sentence with a reduced period of parole ineligibility of one year, or, alternatively, a probationary sentence:

> We first consider who—the assignment judge or the sentencing judge—is authorized by section 6.2 to determine whether the defendant will be sentenced to a term of probation or a term of incarceration with a one-year period of parole ineligibility, following the grant of a prosecutor's motion for a waiver under section 6.2.  The plain language of section 6.2 reveals a clear legislative intent that the assignment judge, not the sentencing judge, has the statutory authority to make such a determination. <u>N.J.S.A.</u> 2C:43-6.2.
>
> When an application for a waiver under section 6.2 is made by motion of a prosecutor, the assignment judge or his or her designee has the authority to choose one of two sentences:  he or she "shall place the defendant on probation pursuant to [<u>N.J.S.A.</u> 2C:43-2(b)(2)] or reduce to one year the mandatory minimum term of imprisonment during which the defendant will be ineligible for parole." <u>Ibid.</u>  Although the prosecutor retains the discretion to decide whether to seek a Graves Act waiver in a given case, and may argue in favor of a probationary term or a custodial sentence with a one-year period of ineligibility, nothing in the statute

suggests that the assignment judge or designee must accept the prosecutor's recommendation. Ibid.

Nor does section 6.2 permit the sentencing court to choose between the statutory alternatives; the authority to elect one of the two sentences set forth in section 6.2 is clearly vested in the assignment judge. Ibid.

[Nance, supra, 228 N.J. at 393-94 (alteration in original).]

In these cases, this procedure was not followed. Although the assignment judge approved the waivers in both cases, he expressly deferred to the sentencing judge the decision of which available option to choose when fashioning the ultimate sentence. This was error, and on remand, it is the assignment judge who must make that initial determination.

This leads us to the substantive issue implicated in these appeals. The State correctly argued before the sentencing judge in both cases that in making the threshold decision when dealing with a second-degree crime, the court must consider and apply the presumption of imprisonment prescribed by N.J.S.A. 2C:44-1d unless the extremely rigorous criteria required to overcome that presumption are met.

In Nance, the Supreme Court made this requirement abundantly clear:

N.J.S.A. 2C:44-1(d) provides:

The court shall deal with a person who has been convicted of a crime of the first or second degree . . . by imposing a sentence of imprisonment unless, having regard to the character and condition of the defendant, it is of the opinion that his imprisonment would be a serious injustice which overrides the need to deter such conduct by others.

"The 'serious injustice' exception to the presumption of imprisonment applies only in 'truly extraordinary and unanticipated circumstances,'" State v. Jabbour, 118 N.J. 1, 7 (1990) (quoting State v. Roth, 95 N.J. 334, 358 (1984)), "where the 'human cost' of punishing a particular defendant to deter others from committing his offense would be 'too great,'" State v. Evers, 175 N.J. 355, 389 (2003) (quoting State v. Rivera, 124 N.J. 122, 125 (1991)). N.J.S.A. 2C:44-1(d) thus imposes a high standard that must be overcome before a first or second-degree offender may be sentenced to a non-custodial term.

When, as here, two related statutes are relevant to the disposition of a matter, they "should be read in pari materia and construed together as a unitary and harmonious whole." Nw. Bergen Cty. Utils. Auth. v. Donovan, 226 N.J. 432, 444 (2016) (quoting Saint Peter's Univ. Hosp. v. Lacy, 185 N.J. 1, 15 (2005) (internal quotation marks omitted)).

. . . .

We construe section 6.2 and N.J.S.A. 2C:44-1(d) so as to harmonize the two components of the Code's sentencing scheme. Nothing in either provision suggests that a Graves Act waiver exempts a defendant convicted of a first or second-degree offense

10

from the presumption of incarceration. N.J.S.A. 2C:44-1(d) governs the sentencing of any "person who has been convicted of a crime of the first or second degree," with no exception for defendants who are granted a Graves Act waiver. N.J.S.A. 2C:44-1(d). Because one of the two alternative sentences permitted under section 6.2 -- a custodial term with a mandatory minimum of one year -- constitutes a "sentence of imprisonment" within the meaning of N.J.S.A. 2C:44-1(d), an assignment judge or designee may comply with section 6.2 and N.J.S.A. 2C:44-1(d) at once. By considering the standard of N.J.S.A. 2C:44-1(d) in deciding between the probationary and custodial sentences authorized by section 6.2, an assignment judge or presiding judge [acting as an assignment judge's designee] achieves the legislative objectives of both provisions.

[Id. at 395-96.]

In these cases, the sentencing judge declined to consider the serious injustice standard of N.J.S.A. 2C:44-1d, and the assignment judge was of the view that it was not his role to consider it. On remand, the assignment judge, or his designee, must consider this issue and set forth the basis upon which he decides that the standard for overcoming the presumption of imprisonment has or has not been met. After the assignment judge makes the threshold choice between the two waiver options, "[t]he sentencing court's task is to devise a sentence that comports with the assignment judge's ruling and the sentencing provisions of the Code." Id. at 394.

The sentences in these cases are reversed and the matters are remanded for resentencing in accordance with the procedural and substantive requirements described in this opinion and set forth with greater particularity in <u>Nance</u>. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1921-15T1