**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2365-17T1

STATE OF NEW JERSEY,

     Plaintiff-Appellant,

v.

LEMAR S. LESTER,

     Defendant-Respondent.

_____

Submitted December 4, 2018 – Decided January 3, 2019

Before Judges Yannotti and Rothstadt.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 17-02-0425.

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for appellant (Tiffany M. Russo, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

Joseph E. Krakora, Public Defender, attorney for respondent (Daniel S. Rockoff, Assistant Deputy Public Defender, of counsel and on the brief).

PER CURIAM

The State appeals from the judgment of conviction dated January 22, 2018, and argues that the sentencing judge mistakenly exercised her discretion by downgrading defendant's offenses pursuant to N.J.S.A. 2C:44-1(f)(2), and sentencing defendant as a second-degree rather than first-degree offender. For the reasons that follow, we reverse and remand the matter to the trial court for resentencing.

I.

On July 29, 2016, defendant was arrested and charged with committing a robbery in Union County. Defendant was released on bail. On October 28, 2016, police officers arrested defendant in connection with a series of armed robberies that took place earlier that evening in South Orange. The police report states that during one of these robberies, defendant and a juvenile accomplice wore ski masks, approached a group of teenagers, punched one of them, and stole their cell phones and a wallet. According to the report, defendant and his accomplice used an imitation handgun.

On November 22, 2016, a Union County grand jury charged defendant with second-degree robbery, N.J.S.A. 2C:15-1(a)(1) (count one), and third-degree possession of a controlled dangerous substance, N.J.S.A. 2C:35-10(a)(1)

2

(count two).  On January 23, 2017, defendant pled guilty to count one, and the State agreed to dismiss the other charge.

On February 14, 2017, an Essex County grand jury returned a thirty-four count indictment charging defendant with first-degree armed robbery, N.J.S.A. 2C:15-1 (counts one, six, eight, ten, twelve, fourteen, sixteen, seventeen, eighteen, and nineteen); second-degree possession of a weapon, N.J.S.A. 2C:39-5(b) (count two); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (counts three, seven, nine, eleven, thirteen, and fifteen); third-degree hindering his own apprehension or prosecution, N.J.S.A. 2C:29-3(b)(4) (count four); fourth-degree using a juvenile to commit a criminal offense, N.J.S.A. 2C:24-9 (count five); and third-degree receipt of stolen property, N.J.S.A. 2C:20-7(a) (counts twenty to thirty-four).

On June 16, 2017, the Law Division judge in Union County sentenced defendant on the Union County robbery to three years of incarceration, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.  The judge ordered that defendant's sentence would run concurrently with any sentence imposed on the Essex County charges.

On December 8, 2017, defendant pled guilty to four counts of first-degree robbery, as charged in counts one, six, eight, and ten of the Essex County

indictment.  The State agreed to recommend that the judge sentence defendant to concurrent ten-year prison terms, each subject to NERA, to run concurrently with the sentence imposed in Union County.  The State also agreed to recommend dismissal of the remaining charges.

At the plea hearing, defendant stated under oath that on October 28, 2016, he was in South Orange and threatened four individuals with the use of a gun, in order to obtain cell phones or other property from them.  Defendant said his purpose was to obtain and keep the property taken.  Defendant stated he obtained cell phones and some cash from the victims.  He also stated that he committed the robberies at different times in the area of Tillou Road of South Orange.

Following his guilty plea to the Essex County charges, and prior to the sentencing hearing, defendant filed a letter brief with the trial court in Essex County requesting that the court sentence him as a second-degree offender, pursuant to N.J.S.A. 2C:44-1(f)(2).  In his brief, defendant asserted that the police did not recover a firearm when they arrested him.  He stated that he was addicted to drugs at the time he committed these robberies.  He claimed this was the "root cause" of both the Union County robbery and the Essex County robberies.

Defendant also argued that the court should consider that previously he pled guilty to second-degree robbery in Union County and the Law Division in that county had sentenced him on that conviction. Defendant asserted that he probably should have been sentenced on both the Union County and Essex County offenses in one proceeding.

On January 22, 2018, the Law Division judge in Essex County sentenced defendant. The judge first addressed the aggravating factors under N.J.S.A. 2C:44-1(a). The judge found that aggravating factor three applied. N.J.S.A. 2C:44-1(a)(3) (risk that defendant will commit another offense). The judge noted that defendant was arrested and charged with committing the Essex County robberies while on bail following his arrest for the Union County robbery.

The judge also found that aggravating factor nine applied. N.J.S.A. 2C:44-1(a)(9) (need to deter defendant and others from violating the law). The judge noted that "there's a need for specific and general deterrence of crimes of violence." The judge pointed out that defendant and his juvenile accomplice threatened and stole cell phones and other property from several younger persons. The robberies had all taken place the same evening.

The judge found that aggravating factor six did not apply. N.J.S.A. 2C:44-1(a)(6) (extent of the defendant's prior criminal record and the seriousness of the offenses of which he has been convicted). The judge stated that "defendant's prior involvements with the criminal justice system . . . before [the Union County robbery], were all in municipal [court]," the offenses "were not offenses of violence," and the offenses related to defendant's "issue with substance abuse."

The judge then addressed the mitigating factors under N.J.S.A. 2C:44-1(b). The judge found that mitigating factor four applied. N.J.S.A. 2C:44-1(b)(4) ("[t]here were substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense"). The judge stated that if the matter had been tried, defendant could have established that he suffered from a substance-abuse problem and had been under the influence of narcotics when he committed the offenses.

The judge also found that mitigating factor seven applied. N.J.S.A. 2C:44-1(b)(7) ("defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present offense"). The judge stated that before the Union

6

County robbery, the defendant did not have any "prior indictable convictions for purposes of this sentencing."

The judge then considered other factors she deemed relevant to the sentence. The judge noted that defendant had been sentenced separately in Union County and Essex County rather than having all of these offenses consolidated in one proceeding. The judge stated, "defendant is somewhat penalized by having two separate dispositions in two separate counties with an offense date interval so close together."

The judge stated that "on a [ten-]year sentence with [eighty-five] percent [parole ineligibility,] the defendant would serve eight years, six months and two days." The judge found that because a separate sentence previously had been imposed in Union County, defendant would be serving more than the mandatory minimum term of eight years, six months, and two days on the ten-year, first-degree sentence because the Essex County and Union County sentences "do not intersect." The judge stated that due to the separate sentencing proceedings and dispositions of the two indictments, the result would be arbitrary.

The judge also considered defendant's presentence report, which indicated that defendant had used marijuana and other prescription drugs. The judge found that "substance abuse has been recognized as a form of illness" and stated

A-2365-17T1

that "defendant's actions [were] consistent with that of someone who is addicted to drugs." The judge concluded that when defendant committed the robberies, he was "probably under the influence of some mind altering substance because the manner of the commission makes absolutely no sense."

The judge also reasoned that the court was "permitted to view the gravity of this particular offense in the universe of other offenses [of a] similar[] degree[] and similar[] type." The judge stated that, if the case had gone to trial, the evidence in the record would tend to support a jury finding that the defendant did not actually use a firearm to threaten the victims during the robberies.

The judge therefore determined that, "in the interest of fundament[al] fairness," defendant should be sentenced as a second-degree offender, pursuant to N.J.S.A. 2C:44-1(f)(2). The judge then sentenced defendant to an eight-year term of incarceration, with an eighty-five percent period of parole ineligibility, pursuant to NERA. The State's appeal followed.

II.

On appeal, the State argues that the trial court erred by downgrading the offenses and sentencing defendant as a second-degree offender pursuant to N.J.S.A. 2C:44-1(f)2). The State argues that the matter should be remanded for imposition of the bargained-for sentence.

This court's role in reviewing a trial court's sentencing determination is limited. State v. Fuentes, 217 N.J. 57, 70 (2014). We must affirm the sentence unless: (1) the trial court violated the sentencing guidelines; (2) the court's findings of the aggravating and mitigating factors "were not based upon competent and credible evidence in the record;" or (3) the court's application of the sentencing guidelines to the facts results in a sentence that is "clearly unreasonable so as to shock the judicial conscience." Ibid. (quoting State v. Roth, 95 N.J. 334, 364-65 (1984).

In sentencing defendant as a second-degree offender for the first-degree robberies, the trial court relied upon N.J.S.A. 2C:44-1(f)(2). The statute provides that when a sentencing court is "clearly convinced that the mitigating factors substantially outweigh the aggravating factors and where the interest of justice demands, the court may sentence the defendant to a term appropriate to a crime of one degree lower than that of the crime for which he was convicted." Ibid.

Thus, to warrant a sentencing downgrade under N.J.S.A. 2C:44-1(f)(2), the trial court must make two findings. State v. Megargel, 143 N.J. 484, 495 (1996). The court must be "clearly convinced that the mitigating factors substantially outweigh the aggravating factors." Ibid. The court also must find

9

that the "interest of justice . . . demand[s] the downgrade." Ibid. "The decision to downgrade a defendant's sentence 'in the interest of justice' should be limited to those circumstances in which defendant can provide 'compelling' reasons for the downgrade." Id. at 501-02 (citing State v. Jones, 197 N.J. Super. 604, 607 (App. Div. 1984)).

On appeal, the State argues that the sentencing judge erred in her assessment of the aggravating and mitigating factors. We agree. As noted, the judge found that mitigating factor seven applied because defendant did not have a prior indictable offense. The record shows, however, that defendant has a "history of prior delinquency." N.J.S.A. 2C:44-1(b)(7).

The presentence report states that as a juvenile, defendant had nine petitions filed against him, with nine adjudications. The adjudications include burglary, simple assault, and aggravated assault. Defendant engaged in these unlawful acts within a seven-year period before he committed the robberies in 2016, for which he was charged in Union and Essex Counties. As a result of the juvenile adjudications, defendant was sentenced once to a prison term, to five times straight probation, and twice to suspended prison terms. The judge erred by disregarding defendant's juvenile record.

Moreover, the record does not support the judge's finding that defendant has "led a law-abiding life for a substantial period of time before the commission of the present offense." Ibid. The record shows that defendant committed the robbery in Union County in July 2016, and the Essex County robberies in October 2016. Clearly, defendant did not lead a "law-abiding life for a substantial period of time" before he committed the Essex County robberies.

Accordingly, there was no factual basis in the record for the judge's finding of mitigating factor seven. Instead, the judge should have found aggravating factor six, based on "the extent of the defendant's prior criminal record and the seriousness of the offenses of which he has been convicted." N.J.S.A. 2C:44-1(a)(6).

The judge also erred by finding mitigating factor four, based on defendant's addiction to narcotics. Drug dependency is not a mitigating factor for sentencing purposes. State v. Ghertler, 114 N.J. 383, 390 (1989). See also State v. Rivera, 124 N.J. 122, 126 (1991) (noting that the criminal code "does not condone leniency" even where "the commission of the offense may be related to the offender's drug or alcohol addiction"); State v. Towey, 244 N.J. Super. 582, 595 (App. Div. 1990) (finding that "[c]rimes committed under the influence of alcohol or drugs do not detract from the seriousness of the offense").

Defendant argues, however, that in State v. Clarke, 203 N.J. 166, 182 (2010), the Supreme Court "reversed its approach in Rivera and Ghertler." We disagree. The decision in Clarke addressed companion appeals from trial court decisions denying two defendants admission to Drug Court. Id. at 168. The Court noted that in Clarke's case, the judge found three aggravating factors and no mitigating factors, and concluded that a probationary sentence was not appropriate. Id. at 182.

The Court stated that the judge's "findings of the aggravating and mitigating factors may have been adversely influenced by the judge's failure to appreciate that Clarke's drug dependency at the time of the offense was an important factor." Ibid. The Court did not, however, overrule Rivera or Ghertler, and for sentencing purposes, those cases remain the law.

Therefore, the record does not provide any support for the conclusion that the "mitigating factors substantially outweigh the aggravating factors." N.J.S.A. 2C:44-1(f)(2). As we have explained, the record supports findings of aggravating factors three, six, and nine, and does not provide a basis for finding any mitigating factors. The record also does not support the conclusion that the "interest of justice" demands a downgrade of the first-degree offenses for sentencing purposes. Ibid.

A-2365-17T1

Here, the judge stated that defendant probably should have been sentenced on the Union County and Essex County indictments in a single proceeding. The judge noted that defendant was being sentenced in Essex County several months after he was sentenced in Union County. The Essex County sentence was concurrent with the Union County sentence; however, because the Essex County sentence was imposed after the Union County sentence, the judge believed the time served on both sentences would be longer than the mandatory minimum for the Essex County sentence, as determined under NERA.

The judge's reasoning is flawed. <u>Rule</u> 3:25A-1 provides that when a defendant has charges pending in more than one county, either the defendant, or the prosecutor with defendant's consent, may move prior to sentencing to consolidate the matters for disposition. The rule further provides that in ruling on the motion, the presiding judge in the county where consolidation is sought, shall consider

> (1) the nature, number, and comparative gravity of crimes committed in each of the respective counties, (2) the similarity or connection of the crimes committed including the time span within which the crimes were committed; (3) the county in which the last crime was committed; (4) the county in which the most serious crime was committed; (5) the defendant's sentencing status; (6) the rights of the victims and the impact on

13

any victim's opportunity to be heard; and (7) any other relevant factor.

[Ibid.]

Here, neither defendant nor the prosecutor sought consolidation of the Union County and Essex County charges pursuant to Rule 3:25A-1. In any event, the rule would not have required consolidation of the charges. The offenses were all robberies, but the Union County robbery was a second-degree offense, whereas the Essex County robberies involved the threatened use of a weapon and were charged as first-degree offenses.

Furthermore, defendant committed the Union County robbery in July 2016, and he committed the Essex County robberies several months later. Apparently, the only connection between the offenses was that the robberies had some relation to defendant's substance abuse. Based on a careful consideration of all of these factors, the trial court could have decided, in the exercise of its discretion, that consolidation was not warranted

In addition, in this case, the judge in Essex County awarded defendant 207 days of gap-time credits pursuant to N.J.S.A. 2C:44-5(b). Such credits provide "a defendant who is given two separate sentences on two different dates credit toward the second sentence for the time spent in custody since he or she began serving the first sentence." State v. Hernandez, 208 N.J. 24, 38 (2011).

A-2365-17T1

However, gap-time credits are applied to the "back end" of the sentence and do not reduce a period of parole ineligibility. Ibid. (citing Booker v. N.J. State Parole Bd., 136 N.J. 257, 260 (1994)). See also Meyer v. N.J. State Parole Bd., 345 N.J. Super. 424, 426 (App. Div. 2001) (gap-time credit may not reduce a NERA parole disqualifier).

We are not convinced that "the interests of justice" warrant a sentencing downgrade in this case because the Union County and Essex County charges were disposed of separately, and the gap-time credits awarded on the Essex County sentence do not reduce the period of parole ineligibility mandated by NERA. The offenses were properly handled as separate matters in Union and Essex County counties, and the fact that defendant will be required to serve an aggregate prison term that is longer than the mandatory minimum term for his Essex County offenses is not a compelling reason for a sentencing downgrade.

We therefore conclude that the judge did not comply with the sentencing guidelines in N.J.S.A. 2C:44-1(f)(2), and her findings regarding the aggravating and mitigating factors are not supported by sufficient credible evidence in the record. The trial court erred by sentencing defendant as a second-degree offender.

A-2365-17T1

Reversed and remanded to the trial court for resentencing in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2365-17T1