**RECORD IMPOUNDED**

NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-3781-19T3

STATE OF NEW JERSEY,

      Plaintiff-Appellant,

v.

IAN P. STEINGRABER,

      Defendant-Respondent.

<table>
<tr><td>**APPROVED FOR PUBLICATION**<br>**December 1, 2020**<br>**APPELLATE DIVISION**</td></tr>
</table>

Submitted October 15, 2020 – Decided December 1, 2020

Before Judges Whipple, Rose, and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Accusation No. 14-08-0867.

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for appellant (Michele C. Buckley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

Ernest G. Ianetti, attorney for respondent.

The opinion of the court was delivered by

ROSE, J.A.D.

This appeal requires us to decide whether the terms of a negotiated plea agreement waived the prosecutor's requirement to move for imposition of

parole supervision for life (PSL) under N.J.S.A. 2C:43-6.4. We granted the State's motion for leave to appeal from an April 27, 2020 Law Division order, granting defendant Ian Steingraber's amended petition for post-conviction relief (PCR), as further amended by the PCR court sua sponte to a motion for reduction of sentence pursuant to Rule 3:21-10(b)(4). The PCR court concluded the trial court's imposition of PSL – in the absence of a motion by the prosecutor as required under the PSL statute – constituted an illegal sentence. Having conducted a de novo review of the record and governing principles, we are persuaded the PCR court erred as a matter of law. Accordingly, we reverse the PCR court's order, but remand for the trial court to consider whether PSL should have been imposed.

I.

In August 2014, defendant waived his rights to indictment and trial by jury, and pled guilty to an accusation charging him with second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(b)(5)(a). Defendant admitted he uploaded to the internet images "that depicted sexual intercourse between children less than eighteen" years old. In exchange for defendant's guilty plea, the State agreed to dismiss the remaining endangerment charge, and recommended sentencing defendant within the third-degree range, limited to a four-year term of imprisonment. See N.J.S.A. 2C:44-1(f)(2). Although

defendant was not required to submit to an evaluation at the Adult Diagnostic and Treatment Center in Avenel, defendant's plea was subject to "Megan's Law ramifications . . . including parole supervision for life."[1]

Defendant acknowledged he initialed and signed each page of the plea form and signed the supplemental PSL and Megan's Law forms. The trial court also asked defendant whether he understood "parole supervision for life . . . mean[t] just that" because "[n]ormally there's a limitation o[n] how long you're on parole based upon the crime. But for certain crimes there's no limitation, it is for life." Defendant responded affirmatively. The court again asked whether defendant understood that under the terms of his plea bargain: "Avenel does not apply, Megan's Law does, parole supervision for life does." Defendant again responded, "Yes." The court accepted the guilty plea, finding defendant "underst[ood] his rights" and "freely and voluntarily" entered his guilty plea.

Defendant was sentenced on November 21, 2014 by another judge and was represented at the hearing by another assigned counsel. The State urged

---

[1] Effective February 1, 2018, the Legislature amended N.J.S.A. 2C:47-1 of the Sex Offender Act, N.J.S.A. 2C:47-1 to -10, to require a defendant convicted of second-degree endangering the welfare of a child under N.J.S.A. 2C:24-4(b)(5)(a), to submit to a psychological evaluation at the Adult Diagnostic and Treatment Center.

the court to sentence defendant pursuant to the terms of the plea agreement. For reasons that are not relevant here, defense counsel argued defendant had overcome the presumption of imprisonment, N.J.S.A. 2C:44-1(d), and asked the court to sentence defendant to probation. Implicitly recognizing it could not place defendant on probation and PSL simultaneously, N.J.S.A. 2C:43-2(g), and finding three mitigating factors "significantly and substantially" outweighed the sole aggravating factor, the court sentenced defendant to a four-year term of imprisonment, but "suspend[ed] the imposition of that custodial sentence on condition that he successfully complete parole supervision for life; that he comply with all Megan's Law registration provisions." See N.J.S.A. 2C:43-2(b).

The court elaborated:

> I gave you four years but you don't have to do that four years as long as you successfully complete your parole supervision for life. If you violate that, without anything further, you could be brought back to court and sentenced to four years in state prison. The same applies . . . with respect to computer access. If it's determined that between now and the time you are placed on parole supervision or anytime thereafter, that you have access to a computer, you could be violated on this sentence, the suspension of the custodial portion would be vacated and you could be sentenced to four years in state prison.

4

See State v. Rivera, 124 N.J. 122, 126 (1991) (recognizing "[a] court may suspend the imposition of a sentence only after first determining that a non-custodial sentence is authorized and appropriate").

When asked whether he understood the terms of his sentence, defendant politely responded, "Yes, I do, Your Honor." Defense counsel further informed defendant on the record that in addition to a prison term of up to four years for a PSL violation, he could be charged with a separate fourth-degree offense for the violation. See N.J.S.A. 2C:43-6.4. Defendant again acknowledged he understood the ramifications of his sentence.

Defendant did not file a direct appeal. In March 2017, defendant apparently was sentenced to a six-year term of imprisonment with five years of parole ineligibility for another conviction of second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(b)(5)(a) (subsequent matter).[2]

In May 2019, defendant filed a pro se petition for PCR; assigned counsel thereafter amended defendant's petition, asserting the "plea bargain impermissibly infringed on the court's sentencing discretion." According to the PCR court: "The crux of defendant's surviving claim [wa]s that the PSL sentence imposed by the court . . . [wa]s illegal because the State failed to

---

[2] The record on appeal does not contain defendant's judgment of conviction for the subsequent matter.

make a formal application for the imposition of the sentence."   Defendant further claimed the sentence violated his due process rights.

In a written decision accompanying its April 27, 2020 order, the PCR court granted defendant's application.   Strictly construing N.J.S.A. 2C:43-6.4(a), the PCR court found the statute "expressly and unequivocally required the State to file a motion for the imposition of . . . PSL, and reserved discretion to the [sentencing] court for its imposition."[3]   In reaching its decision, the PCR court rejected the State's argument that the negotiated plea agreement, which included the PSL condition, waived "the prosecutor's filing requirements and the [sentencing] court's discretion" to impose PSL.   Instead, the court concluded the State's motion was "a required presentencing condition, without which render[ed] the subsequent sentence illegal."

On appeal, the State essentially argues defendant's sentence was authorized by law and, as such, it was not illegal.  Acknowledging PSL is not mandated under N.J.S.A. 2C:24-4(b)(5), and the prosecutor was obligated to move to impose the condition here, the State maintains "the recording of the

---

[3]   The PCR court incorrectly determined the 2017 amendments to the PSL statute and N.J.S.A. 2C:24-4(b)(5)(a) "ma[de] a PSL sentence mandatory under the facts present[ed] here."  That subsection of the endangerment statute still requires the State to move for the imposition of PSL.  See n.3 below.

[PSL] provision on the plea form, which was signed by defendant and orally placed on the record by the court, served as the State's motion."

II.

We review the legality of a sentence de novo, "affording no special deference to the court['s] interpretation of the relevant statutes." State v. Nance, 228 N.J. 378, 393 (2017). A court may correct an illegal sentence "at any time before it is completed." State v. Murray, 162 N.J. 240, 247 (2000); see also R. 3:21-10(b). If a defendant's sentence is illegal, a reviewing court must remand for resentencing. See State v. Romero, 191 N.J. 59, 80-81 (2007).

"There are two categories of illegal sentences: those that exceed the penalties authorized for a particular offense, and those that are not authorized by law." State v. Hyland, 238 N.J. 135, 145 (2019). Both categories are "defined narrowly." Ibid. (quoting Murray, 162 N.J. at 246). The second category, which is at issue on this appeal, includes a sentence that "fails to satisfy required presentencing conditions." Murray, 162 N.J. at 247.

N.J.S.A. 2C:43-6.4 requires the State to move for PSL as a presentence condition to certain convictions for endangering the welfare of a child, including the conviction at issue here, N.J.S.A. 2C:24-4(b)(5)(a). At the time of defendant's sentence, the PSL statute provided in pertinent part:

Notwithstanding any provision of law to the contrary, . . . a court imposing sentence on a person who has been convicted of endangering the welfare of a child pursuant to paragraph (4) or (5) of subsection b. of N.J.S.A. 2C:24-4, . . . <u>shall include, upon motion of the prosecutor</u>, a special sentence of parole supervision for life in addition to any sentence authorized by Title 2C of the New Jersey Statutes, <u>unless the court finds on the record that the special sentence is not needed to protect the community or deter the defendant from future criminal activity</u>.

[N.J.S.A. 2C:43-6.4(a) (2013) (emphasis added).[4]]

As the PCR court correctly recognized, "the State did not file" a motion for PSL and "the [trial] court made no findings regarding its imposition." Under <u>Rule</u> 1:6-2, however, a motion need not be filed formally; it may be made orally during a court hearing. Indeed, we have recognized "the rules of court permit oral motions if they are 'made during a trial or hearing,' or if 'the court permits it to be made orally.'" <u>State v. Washington</u>, 453 N.J. Super. 164, 201-02 (App. Div. 2018) (quoting <u>R.</u> 1:6-2(a)).

Nor do we agree with the PCR court's analysis, which compared the lack of a "forgiving provision" in the PSL <u>statute</u> with an express waiver provision in the sentencing <u>rule</u> governing extended terms. See <u>R.</u> 3:21-4 (e) and (f)

---

[4] The present version of N.J.S.A. 2C:43-6.4(a) still requires a motion of the prosecutor but was amended to include "a person who has been convicted of endangering the welfare of a child pursuant to paragraph (4) or subparagraph (a) or sub-subparagraph (iii) of subparagraph (b) of paragraph (5) of subsection b. of N.J.S.[A.] 2C:24-4 . . . ."

(providing "[i]f the negotiated disposition includes the recommendation of an extended term, the prosecutor's oral notice and the recordation of the extended term exposure in the plea form completed by defendant and reviewed on the record shall serve as the State's motion"). The inclusion of the waiver provision in a court rule is not indicative of the Legislative intent of a statute.

Nonetheless, we disagree with the State that the negotiated plea agreement substituted for the State's obligation to move for PSL. Although the plea agreement and the court expressly stated defendant's plea subjected him to PSL – as defendant acknowledged during the plea hearing – imposition of PSL is not mandated under N.J.S.A. 2C:43-6.4. Neither the plea agreement nor the court indicated defendant waived the sentencing court's ability to "find[] on the record that the special sentence [wa]s not needed to protect the community or deter . . . defendant from future criminal activity." N.J.S.A. 2C:43-6.4. At sentencing, the court failed to engage in that analysis. But that omission does not render defendant's sentence illegal here, where PSL is permitted under N.J.S.A. 2C:43-6.4., for defendant's violation of N.J.S.A. 2C:24-4(b)(5)(a).

Accordingly, we reverse the PCR court's determination that defendant's sentence was illegal, but we remand to for a limited resentencing proceeding for the trial court to consider whether it would have imposed PSL when it sentenced defendant. In that regard, the trial court should consider whether

PSL was "not needed to protect the community or deter . . . defendant from future criminal activity" under the PSL statute. Unlike resentencing for an illegal sentence, however, on remand the trial court should not "view defendant as he stands before the court on that day." State v. Randolph, 210 N.J. 330, 354 (2012). Instead, we direct the trial court to determine the applicability of the PSL provision "from the vantage point of the original sentencing." Ibid.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION