**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0740-19

STATE OF NEW JERSEY,

     Plaintiff-Appellant,

v.

KEVIN M. LAMBORN,

     Defendant-Respondent.

_____

Argued September 23, 2020 – Decided February 25, 2022

Before Judges Accurso and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Accusation No. 19-07-0593.

Patrick F. Galdieri, II, Assistant Prosecutor, argued the cause for appellant (Yolanda Ciccone, Middlesex County Prosecutor, attorney; Patrick F. Galdieri, II, of counsel and on the brief).

Joshua Altman argued the cause for respondent (Benedict and Altman, attorneys; Joshua Altman, on the brief).

The opinion of the court was delivered by

ACCURSO, J.A.D.

This is the State's appeal from the probationary sentence imposed on defendant Kevin M. Lamborn on the State's motion for a Graves Act, N.J.S.A. 2C:43-6(c), waiver, following defendant's guilty plea to second-degree unlawful possession of a handgun and fourth-degree unlawful possession of hollow nose bullets. Because the assignment judge failed to consider the presumption of incarceration prescribed by N.J.S.A. 2C:44-1(d) before sentencing defendant to a probationary term on the second-degree Graves Act offense, we vacate the sentence and remand for a new sentencing hearing, rejecting defendant's claim that resentencing is barred by double jeopardy principles.

Defendant is a commercial truck driver, who resides in Delaware. Following a 2019 incident in Monroe in which the open door of another trailer reportedly dinged defendant's tractor-trailer parked along the drive leading into Costco, defendant was charged with second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1); second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1); fourth-degree aggravated assault by pointing a handgun, N.J.S.A. 2C:12-1(b)(4); third-degree terroristic threats,

2

N.J.S.A. 2C:12-3(a); fourth-degree possession of hollow nose bullets, N.J.S.A. 2C:39-3(f); and fourth-degree possession of a large-capacity magazine, N.J.S.A. 2C:39-3(j). Defendant was also charged in a complaint-summons with two disorderly-persons offenses, possession of marijuana, N.J.S.A. 2C:35-10(a)(4), and possession of drug paraphernalia, N.J.S.A. 2C:36-2. He was forty-two at the time.

Defendant waived indictment and entered a negotiated guilty plea to an accusation charging him with second-degree unlawful possession of a handgun and fourth-degree unlawful possession of hollow nose bullets in exchange for the State's agreement to seek a Graves Act waiver and recommend an aggregate three-year prison term with one year of parole ineligibility pursuant to N.J.S.A. 2C:43-6.2, and dismissal of all other charges. Defendant's pre-sentence report reflected assault convictions in 1996 and 2011, and a 1996 CDS conviction. As permitted by the plea agreement, defendant urged several mitigating factors and argued for imposition of a non-custodial probationary sentence.

At sentencing on October 11, 2019, the assignment judge did not address the presumption of incarceration applicable to the second-degree weapons charge pursuant to N.J.S.A. 2C:44-1(d). He found aggravating factor three,

3

"[t]he risk that the defendant will commit another offense," N.J.S.A. 2C:44-1(a)(3), and aggravating factor nine, N.J.S.A. 2C:44-1(a)(9), "[t]he need for deterring the defendant and others from violating the law." The judge also found mitigating factor eight, "[t]he defendant's conduct was the result of circumstances unlikely to recur," N.J.S.A. 2C:44-1(b)(8), and mitigating factor ten, "[t]he defendant is particularly likely to respond affirmatively to probationary treatment," N.J.S.A. 2C:44-1(b)(10). Finding the aggravating and mitigating factors were in equipoise, the judge sentenced defendant to five years' probation on the gun charge,[1] conditioned on 180 days in the county jail and to a concurrent one-year probationary term for possession of the hollow nose bullets. He dismissed the remaining charges and imposed all appropriate penalties. The judge granted defendant's request for a "deferred turn in date," requiring him to report the Monday following Friday's sentencing.

The State timely filed its notice of appeal from the sentence on October 21, 2019. Neither the court nor either of the parties took steps to implement

---

[1] Although defendant pleaded guilty to the unlawful possession of a handgun, the judgment of conviction lists the charge as possession of a handgun for an unlawful purpose. This should be corrected on remand.

A-0740-19

the provisions of <u>Rule</u> 2:9-3(c)[2] following the State's filing.[3]  Defendant was granted county parole on December 20, 2019, which he completed on February 1, 2020, and began serving his probationary sentence.  We initially heard the State's appeal and defendant's motion to dismiss on double jeopardy grounds on a sentencing calendar.  We denied defendant's motion to dismiss without prejudice and ordered the appeal placed on a plenary calendar for briefing and argument.

---

[2]  <u>Rule</u> 2:9-3(c) provides:

> (c) Stay Following Appeal by the State.
> Notwithstanding paragraphs (a) and (b) of this rule,
> execution of sentence shall be stayed pending appeal
> by the State pursuant to N.J.S.A. 2C:44-1(f)(2).
> Whether the sentence is custodial or non-custodial,
> bail pursuant to <u>R.</u> 2:9-4 shall be established as
> appropriate under the circumstances.  A defendant
> may elect to execute a sentence stayed by the State's
> appeal, but such election shall constitute a waiver of
> the right to challenge any sentence on the ground that
> execution has commenced.

[3]  In its notice of appeal, the State answered "yes" to the question "[i]s defendant incarcerated" and "no" to the question "[w]as bail granted or the sentence or disposition stayed."  In its case information statement, the State represented it had confirmed with the judge on the day of the filing that he would not be filing an amplification pursuant to <u>Rule</u> 2:5-1(b).  The State further represented it made service on the court and defendant's counsel of its notice of appeal and case information statement on the filing date.

A-0740-19

The State contends defendant must be resentenced because the assignment judge failed to consider the presumption of incarceration applicable to defendant's second-degree conviction before imposing a probationary sentence. We agree.

Our Supreme Court in addressing Graves Act waivers in State v. Nance, held unequivocally that "[w]hen the defendant has been convicted of a first-degree or second-degree Graves Act offense, the assignment judge, or the presiding judge as his or her designee, must consider the presumption of incarceration set forth in N.J.S.A. 2C:44-1(d)." 228 N.J. 378, 397 (2017). Failure to do so would not only result in unacceptable sentencing disparities for first- or second-degree non-Graves Act offenders "but would also substantially undermine the deterrent objective of the Graves Act" itself. Id. at 396.

Accordingly, the assignment judge, or designee, is without authority to choose to sentence a defendant convicted of a first- or second-degree Graves Act offense to a probationary term under N.J.S.A. 2C:43-6.2 without having first decided, considering "the character and condition of the defendant, . . . that [his] imprisonment would be a serious injustice which overrides the need to deter such conduct by others," N.J.S.A. 2C:44-1(d). The Court in Nance

A-0740-19

also reminded that "[t]he 'serious injustice' exception to the presumption of imprisonment applies only in 'truly extraordinary and unanticipated circumstances.'" 228 N.J. at 395 (quoting State v. Jabbour, 118 N.J. 1, 7 (1990)).

The "residuum of power" the Legislature has left to the sentencing court under N.J.S.A. 2C:44-1(d) not to imprison "where it would be entirely inappropriate to do so," State v. Roth, 95 N.J. 334, 358 (1984), is only "legitimately exercised in those 'truly extraordinary and unanticipated' cases where the 'human cost' of punishing a particular defendant to deter others from committing his offense would be 'too great,'" State v. Evers, 175 N.J. 355, 389 (2003) (quoting State v. Rivera, 124 N.J. 122, 125 (1991)). "Absent a proper finding of 'serious injustice' that outweighs the need for general deterrence, a trial court must impose a custodial sentence." Id. at 388 (citing Roth, 95 N.J. at 358-59).

In light of those pronouncements of our Supreme Court, we cannot accept defendant's argument that "the assignment judge who is tasked with imposing sentences in Graves Act [w]aiver cases is familiar with the standards by which he can and cannot impose sentence" and, therefore, must have made the critical "serious injustice" finding, although it is nowhere mentioned in the

7

sentencing transcript.[4]  As the State notes, the judge found the aggravating and mitigating factors to be in equipoise here.  Because the presumption of incarceration can only be overcome when there is "clear and convincing evidence that there are relevant mitigating factors present to an extraordinary degree," which cumulatively "so greatly exceed any aggravating factors that imprisonment would constitute a serious injustice overriding the need for deterrence," id. at 393-94, we are satisfied beyond any question that the assignment judge failed to follow the sentencing guidelines in imposing a probationary sentence for this second-degree Graves Act offense.  See Jabbour, 118 N.J. at 6-8.

We also reject defendant's argument that double jeopardy principles bar his resentence.  Defendant acknowledges the State appealed the sentence within the ten-day period before the sentence became final pursuant to N.J.S.A. 2C:44-1(f)(2).  Nevertheless, he argues he was not advised by the court at sentencing that the sentence was not final; the State expressed no intention to file an appeal; and he was "never provided a stay or permitted to apply for bail pending appeal" pursuant to Rule 2:9-3(c).  In the absence of

---

[4]  We also note the presumption of imprisonment cannot be satisfied by a term of imprisonment imposed as a condition of probation, as here.  See State v. O'Connor, 105 N.J. 399, 409-11 (1987).

notice or bail being set pursuant to Rule 2:9-4, defendant contends he cannot be considered as having "elect[ed] to execute a sentence stayed by the State's appeal." R. 2:9-3(c). Instead, he contends he commenced his sentence, and thus the Double Jeopardy clause bars the State's appeal. We disagree.

As we noted in Evers, "[f]or double jeopardy to attach, defendant's . . . sentence had to become final." State v. Evers, 368 N.J. Super. 159, 168 (App. Div. 2004). N.J.S.A. 2C:44-1(f)(2) makes clear that when the sentencing "court imposes a noncustodial or probationary sentence upon conviction for a crime of the first or second degree, [the] sentence shall not become final for 10 days in order to permit the appeal of the sentence by the prosecution." Accordingly, defendant's sentence did not become final by operation of law before the State filed its timely appeal on the tenth day following defendant's sentencing.

As we further explained in Evers, the State's timely appeal of a defendant's sentence pursuant to N.J.S.A. 2C:44-1(f)(2) also effects a mandatory stay of sentence under Rule 2:9-3. 368 N.J. Super. at 168-69. Rule 2:9-3(c) provides "execution of sentence shall be stayed pending appeal by the State pursuant to N.J.S.A. 2C:44-1(f)(2)." As in Evers, because defendant's "sentence was not final during the ten-day period following its imposition,

N.J.S.A. 2C:44-1(f)(2), it lacked finality after the ten-day period because of the Rule 2:9-3(d) stay.  Because a final sentence never became effective, double jeopardy never attached."  Evers, 368 N.J. Super. at 169.

Defendant contends Evers "is not a sweeping holding."  Yet, the defendant in Evers made the same argument that defendant makes here — that jeopardy attached because the State did not move promptly for a stay following the filing of its appeal.  Ibid.  We rejected that argument in Evers, finding the stay became effective pursuant to Rule 2:9-3 when the State filed its notice of appeal, and more to the point, that the defendant "was charged with notice of the stay and had no reasonable expectation of finality."  Evers, 368 N.J. Super. at 169.

Defendant contends the trial court was required to have advised him at sentencing of the State's right to appeal the sentence pursuant to N.J.S.A. 2C:44-1(f)(2) and of the election and waiver provision of Rule 2:9-3(c), as we held was required in State v. Williams, 203 N.J. Super. 513, 518 (App. Div. 1985).  But the Court abrogated that aspect of our holding in Williams in State v. Sanders, 107 N.J. 609, 617 n.7 (1987).  In Sanders, the Court made clear "the Code of Criminal Justice expressly provides for prosecutorial appeal of a lenient sentence" under N.J.S.A. 2C:44-1(f)(2), and because "[d]efendants are

10

charged with notice of the terms of this provision," they can have no legitimate expectation in the finality of the sentence when pronounced. 107 N.J. 620 (explaining double jeopardy analysis turns on the expectation of finality a defendant may have in his sentence). See also United States v. DiFrancesco, 449 U.S. 117, 136 (1980) (holding when the prosecution has a statutory right to review a sentence, the defendant "is charged with knowledge of the statute and its appeal provisions, and has no expectation of finality in his sentence until the appeal is concluded or the time to appeal has expired").

We cannot find the failure to hold a bail hearing pursuant to Rule 2:9-4 changed defendant's expectation of finality. Defendant is charged with knowledge of the court rules as well as the statute. See State v. Nwobu, 139 N.J. 236, 257 (1995). Although Rule 2:9-3(c) provides that "bail pursuant to R. 2:9-4 shall be established as appropriate under the circumstances," Rule 2:9-4 provides "the defendant . . . shall be admitted to bail on motion and notice to the county prosecutor. . . ."

Defendant did not file a motion for bail despite notice of the State's appeal of the sentence on the day it was filed and the ensuing stay of his sentence pursuant to Rule 2:9-3(c). He was released on parole two months later. In light of the stays of his sentence imposed by N.J.S.A. 2C:44-1(f)(2)

11

and Rule 2:9-3(c), defendant never had reason to expect finality; the court's failure to conduct a bail hearing defendant never sought does not change the analysis. His failure to seek a bail hearing following the State's timely appeal of his probationary sentence under the circumstances constitutes an election under Rule 2:9-3(c), and a waiver of the right to contest his sentence on the ground execution had commenced.[5]

Because the assignment judge failed to consider the presumption of incarceration applicable to defendant's second-degree Graves Act conviction before imposing a probationary sentence, and defendant could never have had a legitimate expectation in the finality of such sentence, we vacate the sentence and remand for a new sentencing hearing. See State v. Randolph, 210 N.J. 330, 354 (2012). We do not retain jurisdiction.

Reversed and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[5] We've previously noted the Rule "was amended to prevent the dismissal of an appeal by virtue of the execution of a sentence by making a stay mandatory when the State appeals pursuant to N.J.S.A. 2C:44-1(f)(2)." State v. Farr, 183 N.J. Super. 463, 471 n.1 (App. Div. 1982).

A-0740-19